THE TRENTON SAVING FUND SOCIETY,

*v.*

JAMES W. WYTHMAN et al.

[Decided February 3d, 1930.]

*Messrs. Minton & Rogers,* for the appellant.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The proceedings brought up by the present appeal were instituted by the Trenton Saving Fund Society pursuant to the provision of "An act concerning declaratory judgments and decrees" (*P. L. 1924 p. 312*), for the purpose of obtaining a declaratory decree with respect to the present existence of a specific charter power conferred upon it by section 8 of the special act of the legislature under which it was incorporated. This special act was passed on the 7th of March, 1844. *P. L. p. 170.* The eighth paragraph thereof provides as follows: "That a book shall be kept at the office of the society in which every depositor shall be at liberty to appoint some person or persons to whom in the event of his or her death the money shall be paid, if not otherwise disposed of by will; and all payments made by said society to such persons so appointed shall be a full discharge to said society." Some seven years later, and on March 12th, 1851, the legislature revised our Wills act and in that revision declared, "that all wills and testaments of persons dying after this act shall take

effect, or who may have died since the 4th of July, in the year of our Lord eighteen hundred and fifty, shall be in writing, and shall be signed by the testator, which signature shall be made by the testator, or the making thereof acknowledged by him, and such writing declared to be his last will, in presence of two witnesses present at the same time, who shall subscribe their names thereto, as witnesses, in the presence of the testator; and all wills and testaments of persons dying since the day above mentioned, made in the manner herein prescribed, by any person competent by law to make such will, shall be sufficient to devise, pass and bequeath all estates and property, real or personal, and all rights of any kind." *Comp. Stat. p. 5867 § 24.*

The question concerning which the society seeks a declaratory decree is whether the effect of this provision of the revised Wills act (which is embodied in our present statute) is to repeal the special privilege granted to the society by the eighth section of its charter which has already been quoted. The matter having been submitted to the court of chancery for its consideration and determination, a decree was entered declaring that this section of the Wills act above quoted operated to repeal the special grant contained in the society's charter, and from this decree the present appeal has been taken.

It is entirely settled by the decisions of our courts that a special law will not be repealed by a general statute unless the general statute contains express words of repealer, or unless the purpose to repeal appears in the statute by necessary implication. As appears from the above recital, the provision of the Wills act involved contains no express repealer. We are therefore called upon to determine whether the intent to repeal the special charter provision of the society appears by necessary implication. In our opinion it does not. For more than a hundred years prior to the granting of the society's charter it was lawful for all persons by last will in writing to give, bequeath or dispose of their goods, chattels and personal estate; this power being conferred by statute. See *Elm. Dig. tit. "Wills" p. 598 § 16.* Nothing

was said in the statute with relation to the method of executing the will or requiring the attestation of witnesses; and consequently down to the time of the passage of the act of 1851, a will of personalty was valid and therefore entitled to probate though it was executed without any subscribing witness. *Nelson* v. *Potter, 50 N. J. Law 324, 329.* Wills disposing of real estate, however, were required by statute to be signed and published by the testator in the presence of three subscribing witnesses, and when so executed were deemed sufficient to devise, bequeath and convey the lands and tenements therein described. *Elm. Dig. tit. "Wills" p. 595 § 2.* In view of the then existing legislation regulating the testamentary disposition of personal and real property, the purpose of the legislature in enacting the statute, as we conclude from a reading of it, was, first, to reduce the number of subscribing witnesses who theretofore were required in wills disposing of real estate from three to two, and second, to require that wills disposing of personal estate should be executed with the same formality as was required in the case of wills disposing of real estate; in other words, that to be valid they must be signed by the testator in the presence of two witnesses, or the signing thereof acknowledged by him in their presence, and that the witnesses should each of them subscribe their names to the instrument in attestation of its due execution. We are unable to discover any legislative intent exhibited in the statute to wipe out of existence earlier legislation that permitted the disposition of personal property upon the death of the owner by methods not provided in the Wills act. In the present case, when the charter of the society was granted, the legislative purpose expressly declared in the eighth section thereof, was to remove from the operation of the statute relating to wills, so far as it dealt with personal estate, moneys deposited in the bank of the society in cases where the depositor appointed some person or persons to whom, in the event of his or her death, the moneys so deposited should be paid; and as the act of 1851 contains no language which, by necessary implication, operates to repeal the eighth section of its charter we conclude that the right of

the society to exercise the charter power conferred upon it by that section still continues to exist.

The decree under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.