The bill of complaint of Esther V. Levigton, individually and as administratrix of the estate of Albert E. Levigton, deceased, shows:
Levigton, in his lifetime, was tenant from month to month of defendants' premises at 177 Ferry street, Newark, where he conducted a retail optical store. After his death intestate, which occurred September 28th, 1939, letters of administrationpendente lite were issued October 16th, 1939, to one Fred H. Roever, Jr., and the orphans court ordered him to continue the business of the intestate. Accordingly, Mr. *Page 553 
Roever entered into possession and carried on the business. Thereafter, on November 18th, letters of general administration were granted complainant, who has since then continued the operation of the store.
On December 1st, the defendants distrained upon the goods and chattels of the estate located in the premises for the sum of $420, namely, rent for the six months from April to September, which had become due prior to the death of Mr. Levigton, and for the month of November. The administrator pendente lite had paid the rent for the intervening month of October. After the distraint, complainant paid December rent.
The bill further shows that the estate is probably insolvent; that complainant is therefore not justified in paying the rent which was owed by decedent out of the general funds in her hands and that on the other hand, if defendants proceed to a sale under their distress and the business which is now conducted at the leased premises is thereby interrupted, the valuable good will of the business will be destroyed. The bill prays that the defendants be restrained from proceeding further with the distraint. Defendants move to strike the bill on the ground that it sets forth no equitable cause of action.
Annexed to the bill are several long affidavits which are the basis of an application for an interlocutory injunction. The bill itself contains this paragraph: "Complainant incorporates and makes a part hereof by reference each and every allegation contained in the annexed affidavits." This attempt to incorporate the affidavits in the bill is contrary to our system of pleading and especially chancery rule 45, and is ineffective. In determining whether the bill states a cause of action, the affidavits must be disregarded.
Complainant, in support of the bill, contends that the distraint was unlawful, and that her remedy at law, replevin or action for damages is inadequate. Defendants challenge both branches of the argument.
A tenancy from month to month is not terminated by the death of the tenant but his interest therein passes to his executor *Page 554 
or administrator. The requisite privity between the lessor and such personal representative exists and the goods in his hands remaining on the demised premises may be distrained for rent accrued either before or after the death of the tenant. Brown
v. Howell, 66 N.J. Law 25; 68 N.J. Law 292. The appointment of the administrator pendente lite did not break the privity between the defendants and complainant. Such an administrator is an officer of the court appointed to conserve the estate in independent hands. Davenport v. Davenport, 68 N.J. Eq. 611.
The assets while he holds them, are in custodia legis. In reBarnett's Estate, 101 N.J. Eq. 222. I am uncertain whether an administrator pendente lite has title to the chattels of the deceased or is merely a custodian. If a mere custodian or receiver, complainant's title relates back to the death of intestate; if the administrator pendente lite had title, complainant has succeeded to the title by operation of law; but in either case there is privity between her as tenant and the defendants as landlords.
Complainant contends that the appointment of the administratorpendente lite and his taking possession operated as a constructive removal of the goods; that R.S. 2:58-2 required defendants to notify him within ten days of the amount of rent in arrears and that, as they failed to do so, they lost the right to distrain. Such notice is only necessary when there is an actual removal of the goods from the demised premises. Electrol, Inc., v. Beatty, Marsh Mayer, 118 N.J. Eq. 537; 119 N.J. Eq. 470.
She says that no one, even under judicial process, can seize goods that are in custodia legis without leave of the court and hence the right to distrain was lost when the administratorpendente lite was appointed and took possession. While it may be true that the chattels in his possession were immune from distraint, the immunity did not survive his tenure of office. When the court relinquished custody and complainant took control, the right to distrain again arose. Newell v. Clark,46 N.J. Law 363.
A distraint for more rent than is owing is wrongful. Part *Page 555 
of the alleged rent for which defendants distrained was $60 for November. Complainant argues that this charge is a debt of the administrator pendente lite incurred in carrying on the business and not rent. I hold to the contrary that this item is not a debt incurred by the administrator pendente lite but is rent reserved to defendants in the lease made by decedent.
Complainant applies for leave to supplement her bill in order to show that since the bill was filed, she has, pursuant to R.S.3:25-52 or 55, presented to the orphans court a verified application alleging that the estate is insufficient to pay debts and praying that it be decreed to be insolvent.
Whether such application, added to the facts in the bill, makes a case for enjoining the distraint, depends on R.S. 3:25-61
which enacts that any action pending or brought against the executor or administrator may be prosecuted to final judgment, "but no execution shall, in any case, issue after the making of said application." This section complements R.S. 3:13-5 which prohibits any action, except for funeral expenses, against executors or administrators within six months after their letters have been granted, unless by special leave of the court wherein the action is brought. "And if such leave is given, no execution shall issue within said period of six months." Both sections contemplate a judicial proceeding, judgment thereon and execution on the judgment. Section R.S. 3:13-5 has never been understood to prohibit a non-judicial proceeding such as is a distraint, (Commercial Credit Co. v. Vineis, 120 Atl. Rep. 417), even though it may result in a sale of decedent's chattels to make up the rent, and I think the same construction should be given the other section. But whether or not a distress can be made after the insolvency application is presented to the orphans court, a distress theretofore made is not invalidated by the application. The rule of equality among creditors does not apply to a landlord or mortgagee, or other person who holds a lien.
Defendants are at liberty to pursue their distraint, and the bill must be dismissed, with costs. *Page 556