29 N.J. Super. 605 (1954)
103 A.2d 177
TOWNSHIP OF HOPEWELL, PLAINTIFF-RESPONDENT,
v.
EDWARD GRUCHOWSKI, DEFENDANT-APPELLANT. TOWNSHIP OF HOPEWELL, PLAINTIFF-RESPONDENT,
v.
JOHN WEBER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Mercer County Court Law Division Criminal.
Decided February 18, 1954.
*606 Mr. Cassel R. Ruhlman, Sr. (Mr. Cassel R. Ruhlman, Jr., attorney), for the appellee.
Mr. Bernard A. Campbell, for the appellants.
*607 HUTCHINSON, J.C.C.
Complaints were made by a property owner of the Township of Hopewell, Mercer County, against the above-named defendants for violations of paragraph 2 of Township Ordinance No. 142, as amended. Hearings were had in the Municipal Court of the Township of Hopewell, the defendants were convicted and fines were imposed. Each of the defendants appealed to this court from the convictions and by consent the appeals were consolidated for disposition herein.
On the day fixed for the hearing, motion was made on behalf of the defendants-appellants for judgments of acquittal upon the ground that the ordinance for violation of which they were convicted is void.
Paragraph 2 of the ordinance alleged to have been violated is as follows:
"2. Hereafter no person shall enter upon privately owned property in the Township of Hopewell with firearm whether for the purpose of hunting, taking or killing any bird or animal or otherwise, except the owners or lessees of said premises and the members of his immediate family, unless such person shall have first secured the written consent of the owner or lessee so to do."
Paragraph 3 of the ordinance provides for a fine not exceeding $200 or imprisonment not exceeding 90 days or both upon conviction of violation of any of the provisions of the ordinance.
A trespass, as such, is viewed generally as a private wrong and was not an indictable criminal offense at common law. State v. Burroughs, 7 N.J.L. 426 (Sup. Ct. 1802). Any criminal sanctions against a trespasser must necessarily be statutory, since trespass would not be encompassed by N.J.S. 2A:85-1, providing for punishment as misdemeanors of offenses indictable at common law and not otherwise expressly provided for by statute.
In State v. Burroughs, supra, the defendant was indicted for that he "with force and arms * * * wilfully, maliciously and unlawfully * * * did take up, remove and carry away * * * a certain corner-stone erected and *608 placed in the boundary line * * * with intent to injure and endamage * * * Charles Collins." The defendant was convicted and appealed. In reversing the conviction, the court said "The offense charged is exclusively a private injury, and in no way concerns the public farther than any other private wrong."
The first statute in this State concerning trespassing by humans was civil in nature. L. 1857, p. 16. It provided that a person who shall unlawfully enter upon land not his own after having been forbidden so to do by the owner or legal possessor shall forfeit to the owner or possessor the sum of three dollars and court costs.
In Bregguglia v. Borough of Vineland, 53 N.J.L. 168 (Sup. Ct. 1890), the defendant violated an ordinance which prohibited persons from unnecessarily going upon, driving over or crossing the yards or private grounds of others without permission. The defendant was convicted and appealed. The court, in reversing the conviction, held that the ordinance was entirely null, that "The act charged in the complaint is a private trespass, pure and simple."
Since 1895 the Legislature has passed several laws concerning trespassing and for the first time introduced criminal sanctions. The first was L. 1895, p. 307, an act to prevent trespassing with guns. This law and all subsequent trespass laws have one element in common: to constitute a violation of them, the land must have been conspicuously posted with notices forbidding trespassing or the defendant must have been personally forbidden to trespass. The posting of the land or the giving of personal notice is a major substantive element of the offense. As an aid in prosecuting trespassers who go on other persons' lands to hunt or fish, the Legislature passed L. 1953, c. 23, now N.J.S.A. 23:7-2, which provides that the failure to produce a written permit to hunt or fish shall be prima facie proof that he was forbidden to do so.
This does not change the substantive element of the offense, but merely shifts the burden of going forward with the evidence.
*609 The Hopewell Township ordinance does more than this. The lack of written consent becomes a conclusive presumption, a substantive element of the offense. There is no requirement in the ordinance for posting or personal notice.
The township contends, nevertheless, that it has the power to make such an ordinance by virtue of R.S. 40:48-1.18, which grants to municipalities the power to regulate or prohibit the sale and use of guns, pistols, firearms, and fireworks of all descriptions.
"A municipal corporation is a government of enumerated powers, acting by a delegated authority. It is a creature of the Legislature; and it possesses only such rights and powers as have been granted in express terms, or arise by necessary or fair implication, or are incident to the powers expressly conferred, or are essential to the declared objects and purposes of the municipality. It has no inherent jurisdiction to make laws or adopt regulations of government." Edwards v. Mayor and Council of Borough of Moonachie, 3 N.J. 17, 22 (1949).
In R.S. 23:7-1 the Legislature specifically deals with on a statewide basis the offense of trespassing with firearms for the purpose of hunting or killing game. This is the present-day version of L. 1895, p. 307, amended as recently as L. 1953, c. 23.
R.S. 40:48-1, L. 1917, p. 152, amended last in L. 1932, c. 87, is a general act concerning municipalities. It concerns the general purposes of municipal ordinances.
Sound principles of statutory construction require that where the Legislature has provided for a subject specifically in an act, this specific treatment will not ordinarily be deemed to have been contradicted or altered by a general act. Trenton Saving Fund Society v. Wythman, 106 N.J. Eq. 93 (E. & A. 1930).
The effect of this ordinance is to control and regulate the taking of game. That the Legislature has such power, there is no doubt. Foster-Fountain Packing Co. v. Haydel, 278 U.S. 1, 49 S.Ct. 1, 73 L.Ed. 147 (1928); Lacoste v. Department of Conservation, 263 U.S. 545, 44 S.Ct. 186, 68 L.Ed. 437 (1924). However, there is no *610 delegation of this power to the municipalities. The township may not do by indirection that which it cannot do by direction. Burke v. Kenny, 6 N.J. Super. 524 (Law Div. 1949), affirmed in 9 N.J. Super. 160 (App. Div. 1950).
The ordinance goes beyond the powers given by the Legislature and is, therefore, ultra vires and void, and no convictions for violation thereof can be had.
The motion for judgment of acquittal in this court is granted, the convictions are reversed, and the fines paid by the defendants-appellants will be returned to them.