83 N.J. Super. 400 (1964)
200 A.2d 140
STATE OF NEW JERSEY
v.
BERNARD HACKNEY, DEFENDANT. STATE OF NEW JERSEY
v.
JAMES DiPAOLA, DEFENDANT. STATE OF NEW JERSEY
v.
RICHARD LYMAN, DEFENDANT. STATE OF NEW JERSEY
v.
WILLIAM WALGMUTH, DEFENDANT.
Superior Court of New Jersey, Middlesex County Court.
Decided February 20, 1964.
*401 Mr. Remo M. Croce, Deputy Attorney General, for the State (Mr. Arthur J. Sills, Attorney General, attorney).
Mr. Mark L. Stanton for the Township of Piscataway.
Mr. Walter P. Romer for defendants.
HALPERN, J.S.C.
The four defendants appeal from convictions in the Municipal Court of Piscataway Township for violation of a municipal ordinance which forbids any type of hunting for wild game within the township.
It is admitted that all the defendants hunted in Piscataway Township on the dates charged. They contend the ordinance is invalid because the township had no authority to enact it.
A municipality has no inherent power to make laws or adopt governmental regulations. It is a creature of the Legislature, with enumerated powers which are expressly granted or arise by necessary or fair implication from those expressly conferred. R.S. 40:48-1 et seq.; Edwards v. Mayor, etc., of Moonachie, 3 N.J. 17, 22 (1949). The Constitution directs that a liberal construction be accorded these delegated powers, including those granted by necessary and fair implication. N.J. Const. 1947, Art. IV, Sec. VII, par. 11.
"Nevertheless, the power is restricted to those matters which are of purely local concern, and even where the State Legislature has not spoken, some matters, inherently in need of uniform treatment, are not a proper subject for municipal legislation." In re Public Service Electric and Gas Co., 35 N.J. 358, 370-71 (1961).
The Legislature has enacted a multitude of statutes regulating hunting. N.J.S.A. 23:3-1 permits hunting with a *402 license; 23:3-4 describes who is entitled to a license; 23:3-4.2 to 4.8 provide for instructional courses in gun safety; 23:3-9 to 13 prescribe the filing of reports and disposition of license fees by county and municipal clerks with the Division of Fish and Game; other provisions of Title 23 of the Revised Statutes provide for the type of weapons that may be used, seasons, penalties for trespassing on posted land, days and hours for hunting, and what animals are protected.
In addition, the Legislature has created and authorized the Division of Fish and Game to adopt regulations relating to hunting and fishing. N.J.S.A. 13:1B-29 et seq. The Division has the delegated task to "establish and change territorial limits for the pursuit, taking, or killing of any or all species or varieties [of wildlife]." N.J.S.A. 13:1B-31 and 32.
The problem of hunting wild game, with weapons, throughout this State must be uniformly treated, else chaos, confusion and danger to the public would result. To permit each municipality to enact its own laws and regulations would be in direct opposition to the legislative mandate.
Titles 23 and 13 of the Revised Statutes are in pari materia, presenting an integrated plan so pervasive as to leave no doubt that the Legislature did not intend the municipalities of the State to alter or supplement them.
Piscataway Township's attempt to invade this legislative area pre-empted by the State must be struck down because it conflicts with the public policy of the State, and is therefore ultra vires and void. Galante v. Teaneck Department of Health, 70 N.J. Super. 362 (Law Div. 1961); Hopewell Tp. v. Gruchowski, 29 N.J. Super. 605 (Law Div. 1954).
Defendants are hereby acquitted and any fines they have paid shall be returned to them forthwith.