116 N.J. Super. 229 (1971)
281 A.2d 811
TOWNSHIP OF CHESTER, PLAINTIFF-RESPONDENT,
v.
MARIO PANICUCCI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1971.
Decided September 29, 1971.
*232 Before Judges KILKENNY, LABRECQUE and LANE.
Mr. William E. Ozzard argued the cause for appellant (Messrs. Ozzard, Rizzolo, Klein, Mauro & Savo, attorneys; Mr. Ozzard, on the brief).
Mr. Lawrence P. Cohen argued the cause for respondent (Messrs. Fullerton, Kenihan & Porfido, attorneys; Mr. James M. Kenihan and Mr. Cohen, on the brief).
The opinion of the court was delivered by LANE, J.A.D.
The appeal in this matter is from "the final order of the Morris County Court entered in the subject action on August 25, 1970, wherein the Court denied the application of the defendant-appellant seeking an order determining the provisions of Section 46 of the Chester Township Vice and Immorality Ordinance to be invalid as being preempted by state statutes and unconstitutional." The appendix does not contain a copy of the order of August 25, 1970. R. 2:6-1(a)(3) requires that the appendix contain "the judgment, order or determination appealed from or sought to be reviewed or enforced." This rule should be scrupulously adhered to.
Defendant was served with a summons returnable before the Municipal Court of the Township of Chester alleging a violation of section 46 of the township's Vice and Immorality Ordinance in that defendant did discharge a firearm within 300 feet of a dwelling.
Section 46 provides:
No person shall discharge any firearm upon or across any State, County or Municipal road or highway, and no person except the owner or lessee of the property and persons specifically authorized by him in writing shall have in his possession a loaded gun while within 300 feet of any occupied dwelling in the Township of Chester or while within 400 feet of a school playground.
*233 It is difficult to determine what happened before the municipal court. The notice of appeal to the County Court is "from the Judgment of the Municipal Court of Chester Township, orally entered on January 27, 1970, wherein said Court ruled that Section 46 of the Chester Township Vice and Immorality Ordinance was valid and denied the motion of the defendant to strike said Section of said Ordinance and to dismiss the charge brought thereunder against the defendant on Complaint #302-69, dated October 22, 1969. At the conclusion of said ruling, the Judge of the Municipal Court of Chester Township granted permission to the defendant to appeal such decision and to stay the proceedings under the aforementioned complaint pending a determination on appeal as to the validity of Section 46 of the Township of Chester Vice and Immorality Ordinance."
No testimony was taken before the County Court, the defendant presumably having proceeded under R. 3:10-3. During the course of the argument before that court, the township's attorney stated that the incident happened in a parking lot within 300 feet of a house. The parking lot belonged to the State Preserve. In his brief defendant stated:
It was admitted by both sides, however, that it was within the confines of the State property, whether or not it was in the open fields and woods or in the parking lot area.
Before the municipal court the only factual admission on behalf of defendant was: "I admit they were apprehended, that the apprehension was in the parking lot, but that's as far as I can go."
The County Court filed a letter-opinion affirming the "judgment" of the municipal court denying defendant's motion. In the court's view there was nothing in the ordinance which can support "the view that it was designed to control or regulate the taking of game. The ordinance as construed is designed to promote the safety and welfare of the community." Section 46 was held valid under the provisions of N.J.S.A. 40:48-1.18.
*234 Judgments or orders must be reduced to writing. R. 4:42-1. This rule provides in part:
Formal written judgments or orders shall be presented to the court for execution within 10 days after its decision is made known, unless such time is enlarged for good cause.
Appeals are not taken from decisions of courts, but from written judgments or orders. Credit Bureau Collection Agency v. Lind, 71 N.J. Super. 326 (App. Div. 1961). The County Court could have dismissed the appeal because no written order was signed by the municipal court from which an appeal can be taken. Since the County Court accepted the appeal and decided it as though it were taken from a written order of the municipal court and since the appeal involves a matter of public importance, we will pass this deficiency and deal with the merits of the appeal.
Before us the argument is made that the State has preempted "all of its municipalities in matters dealing with the acquisition, possession and use of firearms and, more particularly, as to the use of firearms related to the activity of hunting."
The New Jersey Constitution (1947) Art. IV, § VII, par. 11, establishes a presumption of validity of ordinances enacted by municipalities. This requires a liberal construction of municipal ordinances, and therefore a finding of preemption must be clear. Kennedy v. Newark, 29 N.J. 178, 187 (1959). Generally, to prevail in his claim of preemption defendant must show that there is an unresolvable conflict between the ordinance and the statute. Kennedy v. Newark, supra; Cranberry Lake Quarry Co. v. Johnson, 95 N.J. Super. 495, 511 (App. Div.), certif. den. 50 N.J. 300 (1967).
Alternatively, defendant can show preemption though no conflict exists by demonstrating an intent on the part of the Legislature to completely occupy the area being controlled to the exclusion of the municipalities. Summer v. Teaneck, 53 N.J. 548, 554 (1969); State v. *235 Ulesky, 54 N.J. 26, 29 (1969); Kennedy v. Newark, supra. Absent the showing of an intent to totally preempt, a municipality pursuant to its delegated powers can deal with specific local problems by expanding control in that area as long as there is no conflict with the legislative proscription. Fred v. Mayor and Council, Old Tappan, 10 N.J. 515, 521-522 (1952); Kligman v. Lautman, 98 N.J. Super. 344, 355 (App. Div. 1967), aff'd 53 N.J. 517 (1969). Preemption is not to be lightly inferred and is strictly a question of fact. State v. Ulesky, supra.
Defendant argues that section 46 constitutes the regulation of hunting by the municipality and that it is, therefore, void. Reliance is placed upon State v. Hackney, 83 N.J. Super. 400 (Cty. Ct. 1964). In that case it was held that the substantial statutory scheme (N.J.S.A. 13:1B-29 et seq.; N.J.S.A. 23:4-1 et seq.) which controls hunting shows an intent by the Legislature to apply uniform laws throughout the State so that any legislation regulating hunting by municipalities is void as being in conflict with the established public policy of the State [83 N.J. Super. at 402]. See also Hopewell Tp. v. Gruchowski, 29 N.J. Super. 605 (Law Div. 1954).
In State v. Hackney, supra, the ordinance declared void was directly related to hunting. It prohibited any type of hunting for wild game within the municipality. It was, therefore, directly in conflict with the requirements of the state hunting statutory scheme. In the present case the ordinance is a general regulation for the control of firearms. Its effect on hunting is only incidental. It makes no specific attempt to place controls for hunting that would conflict with the state statutory scheme. Essentially, it is an expansion of N.J.S.A. 23:4-16 which prohibits the same act but only "for the purpose of hunting, taking or killing any bird or animal." Even if the ordinance could conflict with the hunting statutory scheme in certain applications, the ordinance is not to be declared invalid absent any intent to preempt the total field by the Legislature. Kennedy v. *236 Newark, 29 N.J. 179, 187, supra; Sayreville v. Pennsylvania R.R. Co., 26 N.J. 197, 200, app. dism. 358 U.S. 44, 79 S.Ct. 43, 3 L.Ed.2d 45 (1958).
State v. Hackney, 83 N.J. Super. 400, supra, is inapposite.
Section 46 does not conflict with the statutory scheme, yet it does, in part, prohibit the same activity that is prohibited by the state statute, N.J.S.A. 23:4-16. Generally, a municipal ordinance of this type is valid absent any specific prohibitory provisions in the Constitution or state statutes. 56 Am. Jur.2d, Municipal Corporations, § 375 at 410, 411. This general rule was followed in Poynter v. Walling, 4 Storey 409, 54 Del. 409, 177 A.2d 641, 646 (Super. Ct. 1962).
Poynter involved the specific question of the validity of a municipal ordinance prohibiting an intoxicated person from driving a motor vehicle when a state statute covered the same subject. The Delaware court listed many cases going both ways. The court pointed out that in the cases declaring the ordinance invalid there was a finding that the municipal corporation lacked power to act; the ordinance conflicted with a state statute; or the subject was considered a matter of state not local concern [177 A.2d at 647].
There remains the question as to whether section 46 which regulates possession and use of firearms in a limited situation is void under the theory either that it conflicts with N.J.S.A. 2A:151-1 to 63 or that the Legislature has preempted the field.
There is no conflict between these statutes and the ordinance. The statutory prohibitions as to possession, N.J.S.A. 2A:151-56 to 63, do not apply to the possession covered by the ordinance. The ordinance only expands the prohibition. The issue is, therefore, whether the Legislature intended to totally preempt the field of firearm control thereby precluding any municipal control over firearms. State v. Ulesky, 54 N.J. 26, supra.
*237 Preemption must be determined by the intent of the Legislature on the facts of each case. State v. Ulesky, supra. Usually, when the Legislature wishes to restrain all local action in a certain field, it will express that purpose. Kennedy v. Newark, supra, 29 N.J. at 187. This is especially true when the preemption would be of powers delegated to local government. 29 N.J. at 187.
In this case the Legislature has expressly delegated to municipalities the power to "regulate and prohibit the sale and use of guns, pistols, firearms, and fireworks of all descriptions." N.J.S.A. 40:48-1, subd. 18. Preemption would result in the repealer of this section. There was no express repealer in the legislation controlling guns and dangerous weapons. N.J.S.A. 2A:151-1 to 63.
Can it be concluded that there was an implied repealer? Implied repealers of statutes are not favored in the law. Brewer v. Porch, 53 N.J. 167, 173 (1969); Dept. of Labor and Industry v. Cruz, 45 N.J. 372, 380 (1965); Goff v. Hunt, 6 N.J. 600, 606 (1951). When the Legislature enacts a statute, it is presumed that it is fully conversant with its own legislation. Brewer v. Porch, supra. The intent to repeal will be found when a later statute is so inconsistent with an existing statute on the same subject so as to preclude any reasonable possibility of their standing together. Brewer v. Porch, supra; Dept. of Labor and Industry v. Cruz, supra.
There is no inconsistency between the general delegated power in N.J.S.A. 40:48-1, subd. 18 and the explicit provisions in N.J.S.A. 2A:151-1 to 63. The regulation and prohibitions in N.J.S.A. 2A:151-57 to 63 refer to the use of weapons related to criminal activity. The power delegated to the municipalities provides for broad control especially when read in conjunction with N.J.S.A. 40:48-1, subds. 8 and 10. The logical result is that municipalities may control the use of firearms to promote the public safety and welfare.
*238 Since the express power of the township to control firearms does not conflict with the statutory control of firearms, we find that the Legislature did not implicitly intend to preempt this power from the municipalities. With no preemption, section 46 enacted by the township pursuant to N.J.S.A. 40:48-1, subd. 18 is valid.
The order of the County Court is affirmed and the matter remanded for trial in the municipal court of the Township of Chester of the complaint against defendant.