117 N.J. Super. 104 (1971)
283 A.2d 755
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYMOND A. PINKOS, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1971.
Decided November 12, 1971.
Before Judges KILKENNY, LABRECQUE and LANE.
*105 Mr. George F. Hendricks, Jr. argued the cause for defendant-appellant (Messrs. Pincus, Shamy & Sheehan, attorneys).
Mr. Roland A. Winter argued the cause for plaintiff-respondent (Mr. Sam Weiss, of counsel).
Mr. Stephen L. Gordon, Deputy Attorney General, argued the cause for Mr. George F. Kugler, Jr., Attorney General of New Jersey, amicus curiae.
The opinion of the court was delivered by LABRECQUE, J.A.D.
Defendant Raymond A. Pinkos, Jr. was convicted in the Edison Township Municipal Court of violating section 1 of an ordinance of the township entitled "An Ordinance to Prohibit Hunting and the Discharge of Firearms and other weapons in the Township * * *." He was fined $25, plus $10 costs. On appeal to the Middlesex County Court his conviction was affirmed. The present appeal followed.
Section 1 of the ordinance in question provides "that hunting of any type within the limits of the Township of Edison is, and shall be, hereafter, banned and prohibited." While we have not been furnished with a transcript of the hearing in the municipal court, defendant has stipulated that the proofs offered there were sufficient to convict him of violation of section 1.
Defendant seeks a reversal of his conviction on the sole ground that the regulation of "hunting," including the designation of territorial limits, has been preempted by the State. The issue before us is thus a very narrow one and does not involve the right of a municipality to ban activities which may or may not be concerned with hunting but which directly affect the public safety. See Chester Tp v. Panicucci, 116 N.J. Super. 229, 235-236 (App. Div. 1971).
*106 In Summer v. Teaneck Tp., 53 N.J. 548, 554 (1969), the court in discussing the guidelines to be followed in respect to claims of State preemption, stated:
A municipality may not contradict a policy the Legislature establishes. Auto-Rite Supply Co. v. Mayor and Township Committeemen of Woodbridge, 25 N.J. 188 (1957). Hence an ordinance will fall if it permits what a statute expressly forbids or forbids what a statute expressly authorizes. Even absent such evident conflict, a municipality may be unable to exercise a power it would otherwise have if the Legislature has preempted the field. This follows from the basic principle that local government may not act contrary to State law. But an intent to occupy the field must appear clearly. Kennedy v. City of Newark, 29 N.J. 178, 187 (1959). It is not enough that the Legislature has legislated upon the subject, for the question is whether the Legislature intended its action to preclude the exercise of the delegated police power. Masters-Jersey, Inc. v. Mayor and General Council of Borough of Paramus, 32 N.J. 296 (1960). Hence the fact that the State has licensed a calling may not be enough to bar local licensure to protect an additional value of local concern. Belleville Chamber of Commerce v. Town of Belleville, 51 N.J. 153, 157 (1968). The ultimate question is whether, upon a survey of all the interests involved in the subject, it can be said with confidence that the Legislature intended to immobilize the municipalities from dealing with local aspects otherwise within their power to act.
In the absence of an intent to totally preempt the field, a municipality, acting pursuant to its delegated powers, can deal with specific local problems by expanding control in that area so long as there is no conflict with the legislative proscription. Fred v. Mayor, etc., Old Tappan, 10 N.J. 515, 521-522 (1952); Kligman v. Lautman, 98 N.J. Super. 344, 355 (App. Div. 1967), aff'd 53 N.J. 517 (1969). Whether a given field has been preempted by the Legislature is strictly a question of fact. Chester Tp. v. Panicucci, supra, 116 N.J. Super. at 235.
We are in accord with defendant's contention that section 1 of the ordinance, for violation of which defendant was convicted, conflicts with the public policy of this State and hence is ultra vires and void.
*107 In 1948 the Legislature created an 11-member Fish and Game Council in the Division of Fish and Game (now the Division of Fish, Game and Shell Fisheries). N.J.S.A. 13:1D-4. The Council was charged with formulating "comprehensive policies for the protection and propagation of fish, birds, and game animals * * *." N.J.S.A. 13:1B-24, 28. The Council was charged with the formulation of a Fish and Game Code for the entire State as follows:
For the purpose of providing an adequate and flexible system of protection, propagation, increase, control and conservation of fresh water fish, game birds, game animals, and fur-bearing animals in this State, and for their use and development for public recreation and food supply, the council is hereby authorized and empowered to determine under what circumstances, when and in what localities, by what means and in what amounts and numbers such fresh water fish, game birds, game animals, and fur-bearing animals, or any of them, may be pursued, taken, killed, or had in possession so as to maintain an adequate and proper supply thereof, and may, after first having determined the need for such action on the basis of scientific investigation and research, adopt and from time to time amend and repeal such appropriate and reasonable regulations concerning the same, or any of them, penalties for the violation of which are prescribed by certain of the sections of Title 23 of the Revised Statutes amended herein, as it deems necessary to preserve, properly utilize or maintain the best relative number of any species or variety thereof, at the times, in the manner and to the extent hereinafter provided. The regulations so established shall be called the State Fish and Game Code. [N.J.S.A. 13:1B-30; Emphasis added]
N.J.S.A. 13:1B-32 provided that:
Any regulation of the council or amendment thereto adopted pursuant to the provisions of this article which relates to game birds, game animals or fur-bearing animals, after the council has first determined the need for such action on the basis of scientific investigation and research, may apply to all or any part of the State, at the discretion of the council, and may do any or all of the following as to any or all species or varieties of game birds, game animals, and fur-bearing animals:
a. Establish, extend, shorten or abolish open seasons and closed seasons.
b. Establish, change or abolish bag limits and possession limits.
c. Establish and change territorial limits for the pursuit, taking, or killing of any or all species or varieties.
*108 d. Prescribe the manner and the means of pursuing, taking or killing any species or variety.
e. Establish, change or abolish restrictions based upon sex, maturity, or other physical distinction. [Emphasis added]
Besides the foregoing the Legislature has enacted other statutes regulating various aspects of hunting. N.J.S.A. 23:3-1 et seq. requires that all hunters be licensed, prescribes who may receive a license, and provides for instructional courses in gun safety. Other provisions of Title 23 provide, among other things, for the type of weapons to be used in hunting, the seasons during which hunting is allowed, the days and hours for hunting, what animals are protected and the penalties for trespassing on posted land.
Prior to the adoption of any regulation authorized to be established by it, the Fish and Game Council is required to hold a public hearing, giving 20 days' notice thereof by filing with the Secretary of State, publishing in the New Jersey Register, and in such other manner as the Council shall determine. N.J.S.A. 13:1B-33. Upon the adoption of a regulation it is to become effective no sooner than five days after its publication in the New Jersey Register. N.J.S.A. 13:1B-34. The adoption of any such regulation by the Council is made subject to review by proceedings in lieu of certiorari (now an action in lieu of prerogative writs, R. 4:69-1 et seq.) N.J.S.A. 13:1B-35.
From the foregoing it would appear clear that it was the intention of the Legislature to preempt the field of hunting so as to preclude regulation of that activity by local municipal bodies. See State v. Hackney, 83 N.J. Super. 400, 402 (Cty. Ct. 1964); cf. State v. Ulesky, 54 N.J. 26, 29 (1969); Chester Tp. v. Panicucci, supra.
It follows that defendant's conviction under section 1 of the ordinance must be set aside.
Reversed and remanded for further proceedings in conformity with this opinion.