119 N.J. Super. 385 (1972)
291 A.2d 845
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GERALD KARR AND BARRY WALKER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1972.
Decided June 12, 1972.
*386 Before Judges LEWIS, HALPERN and LORA.
Mr. Richard L. Zucker argued the cause for appellants.
*387 Mrs. Sara A. Friedman, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
PER CURIAM.
Defendants were convicted in municipal court for treaspassing on school property in violation of N.J.S.A. 2A:170-31. After a trial de novo on the record below, the Essex County Court affirmed the convictions. Both courts imposed suspended sentences.
The record reveals that defendants, who were not students at the school, set up a card table on school property in connection with their distribution of leaflets, booklets and buttons for the purpose of promoting an anti-war demonstration to be held in Washington, D.C. They refused to leave when asked by the assistant principal, but did so after police arrived and so requested.
Approximately one hour later defendants returned to the school property and again set up their table and paraphernalia, including a cannister for the deposit of contributions to the anti-war effort. No disturbance was caused by defendants, although some students were standing around the table during school hours. Defendant Walker testified they would offer a leaflet to any person asking them what they were doing; that they did not force a leaflet on anyone, and that they did not overtly solicit funds. Defendants were arrested and charged with illegal trespass.
Appellants urge that their actions are protected by the First Amendment of the Federal Constitution and that N.J.S.A. 2A:170-31 is unconstitutional as applied to them. They further argue that the regulations promulgated by the local board of education, and more particularly "Section J" thereof dealing with "Money Drives," were not utilized at the municipal court level and hence should not have been considered by the County Court at the de novo trial. Additionally they contend "Section J" was not validly enacted and, in any event, is not applicable to nor enforceable against them.
*388 Admission of the regulations was harmless since the County Court judge did not consider them in relation to the substance of defendants' conduct but rather with relation to the authority of the school officials to request them to leave school grounds, and which authority they had as agents of the board of education, quite apart from the alleged authority conferred upon them by the school regulations. Then, too, the convictions were not for violating the regulations, but for violating a criminal trespass statute, which provides that any person who trespasses on any lands, after being forbidden to do so by the owner, is a disorderly person and may be punished by a fine of not more than $50. The regulations were only probative collaterally to demonstrate defendants alleged unlawful activities incident to the illegal trespass.
None of the cases cited by defendants supports their position that their activity on school grounds was protected by the First Amendment. Defendants' reliance upon cases such as Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) and State v. Besson, 110 N.J. Super. 528 (Cty. Ct. 1970) is misplaced. Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968), and Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960), are inapposite.
Here we have a simple trespass case. Defendants were not students and were engaged in non-school activities and they returned to the school grounds after they had been forbidden to be on the property. The public's right and overriding need to have its schools run without outside interference permits a reasonable limitation on defendants' First Amendment rights. Anderson v. Sills, 56 N.J. 210 (1970). See also Adderley v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966).
Affirmed.