175 N.J. Super. 149 (1980)
417 A.2d 1085
STATE OF NEW JERSEY, PLAINTIFF,
v.
JAMES PIERCE AND PATRICIA PIERCE, DEFENDANTS.
STATE OF NEW JERSEY, PLAINTIFF,
v.
CLAY WILSON, A/K/A CLAY DELL, DEFENDANT.
Superior Court of New Jersey, Law Division Cumberland County.
Decided June 4, 1980.
*151 David E. Krell for plaintiff State of New Jersey (Township of Fairfield) (Lummis, Moore, Fisher & Krell, attorneys).
Robert Greenberg for defendants James and Patricia Pierce (Greenberg & Robinson, attorneys).
Richard McCarthy for plaintiff State of New Jersey (City of Millville).
Harry R. Adler for defendant Clay Wilson.
MILLER, J.S.C.
These two municipal court appeals were consolidated for purposes of this opinion inasmuch as they involve common questions concerning the application of our defiant trespasser statute, N.J.S.A. 2C:18-3(b), insofar as it may pertain to persons who occupy realty under color of title.
The first-captioned appeal involves an in rem tax foreclosure obtained by Fairfield Township against certain realty occupied by James and Patricia Pierce. The Pierces had been living on this property under a claim of title granted to them by a relative. However, they were not the record owners. Fairfield Township notified the Pierces to vacate under the authority of the in rem tax foreclosure secured in the Superior Court, Chancery Division. Defendants had been living at the location both before and after the tax foreclosure action for a period of five years.
In the second-captioned appeal defendant Clay Wilson, a/k/a Clay Dell, was in possession of rental premises originally leased *152 by his father. After the father's death the landlord notified Wilson to vacate the premises on the ground that the tenancy had ceased upon the father's death. Thereafter, a criminal and repossess complaint was filed against Wilson in the Millville Municipal Court.
All three defendants were convicted of criminal trespass and fined by the respective municipal courts.
Defendants in both appeals assert that the criminal trespass statute is not applicable under the facts of these cases and that appropriate civil remedies are available to the prosecuting parties. James and Patricia Pierce claim a right to possession although they are admittedly delinquent taxpayers. Clay Wilson claims to be a month-to-month tenant. His claim is a viable one based on the principle that the death of a tenant from month-to-month does not terminate the tenancy and the interest of the tenant therein passes to his personal representative. Baum v. Tazwell, 26 N.J. Misc. 292, 61 A.2d 12 (Cir.Ct. 1948); Levigton v. Tuly, 126 N.J. Eq. 552 (Ch. 1940); Gross v. Peskin, 101 N.J. Super. 468 (App.Div. 1968).
The question presented is whether the defiant trespasser statute, N.J.S.A. 2C:18-3(b), is applicable in the absence of an action for possession where an individual occupying premises under a claim of right to possession disregards a notice to vacate.
Generally a trespass as such is viewed as a private wrong and was not an indictable offense at common law. State v. Burroughs, 7 N.J.L. 426 (Sup.Ct. 1802). Any criminal sanctions against a trespasser must necessarily be statutory. Hopewell Tp. v. Gruchowski, 29 N.J. Super. 605 (Cty.Ct. 1954).
The recently enacted trespass statute, N.J.S.A. 2C:18-3, states in pertinent part:
........
b. Defiant trespasser. A person commits a petty disorderly persons offense, if knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:
(1) Actual communication to the actor; or
(2) Posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or

*153 (3) Fencing or other enclosure manifestly designed to exclude intruders.
This statute is an adoption of Model Penal Code § 221.2 and consolidates a series of disorderly persons act offenses dealing with trespassing; namely:

N.J.S.A. 2A:170-31  Trespassing; penalty;

N.J.S.A. 2A:170-34  Trespassing with horses and hounds;

N.J.S.A. 2A:170-58  Jumping on or off trains;

N.J.S.A. 2A:170-59  Trespassing upon railroad premises or cars;

N.J.S.A. 2A:170-31.1  Peering into windows or openings of dwelling places;

N.J.S.A. 2A:170-33  Unlawful dumping of junk on private property.
The common thread that runs through the prior legislation is the notion of intrusion. See Commentary to the New Jersey Penal Code, vol. II at 212 (1971). To "intrude" means to enter or remain without the consent, express or implied, of the person entitled to exclude or of another lawful occupant. Model Penal Code, Tentative Draft No. 2, Comment at 131. Most people have no objection to strangers tramping through woodland or pasture, but a building is generally intended to keep out persons not licensed by the owner.
The first statute in this State concerning trespassing by humans was civil in nature, L. 1857, p. 16. It provided that a person who shall unlawfully enter upon land not his own after having been forbidden so to do by the owner or legal possessor of such lands shall forfeit to the owner or possessor the sum of three dollars and court costs.
Since 1895 the Legislature has passed several laws concerning trespassing and for the first time introduced criminal sanctions. The first was L. 1895, c. 148, § 3 (becoming R.S. 2:202.31 in the 1937 revision), "An Act to Prevent Trespassing with Guns." This law and all subsequent trespass laws have in common a notice requirement. There must have been conspicuously posted notices on the land forbidding trespassing, or personal notice to the defendant forbidding him from trespassing. This notice against intrusion onto real property is a substantive element of the offense.
Prior to the enactment of the Code of Criminal Justice, N.J.S.A. 2A:170-31 served as a "general" trespassing statute. It provided that:

*154 Any person who trespasses on any lands, except fresh-meadow land over which the tide has ebbed and flowed continuously for 20 years or more, after being forbidden so to trespass by the owner, occupant, lessee or licensee thereof, or after public notice on the part of the owner, occupant, lessee or licensee forbidding such trespassing, which notice has been conspicuously posted adjacent to the highway bounding on such lands or adjacent to a usual entry way thereto, is a disorderly person and shall be punished by a fine of not more than $50.
None of the trespassing statutes were intended to redress private wrongs or determine title to property of the rightfulness of the prosecutor's possession. The purpose is to protect the actual possession of real estate against unlawful and forcible invasion. 87 C.J.S., Trespass, § 140. Unless it is committed with force of violence or a breach of the peace, no conviction will lie. The view taken is that the Legislature did not intend to punish, criminally, acts committed in ignorance, by accident or under claim of right and the bona fide belief that the land is the property of the trespasser unless the terms of the statute forbid any other construction. 87 C.J.S., Trespass, § 140.
N.J.S.A. 2C:18-3(b) does not provide for any special construction. It substantially follows the purposes of its predecessor statutes.
No reported decision in New Jersey has ever supported a trespass conviction involving tenants with claims to possession although the occurrence of convictions may exist. See State v. Burroughs, 7 N.J.L. 426 (Sup.Ct. 1802); Bregguglia v. Vineland, 53 N.J.L. 168 (Sup.Ct. 1890); Burns v. Jagmetty, 86 N.J.L. 23 (Sup.Ct. 1914); Pennsylvania R. Co. v. Fucello, 91 N.J.L. 476 (Sup.Ct. 1918); Hopewell Tp. v. Gruchowski, 29 N.J. Super. 605 (Cty.Ct. 1954); State v. Terwilliger, 49 N.J. Super. 149 (App.Div. 1958); State v. Wouters, 71 N.J. Super. 479 (App.Div. 1962); State v. Kirk, 84 N.J. Super. 151, aff'd 88 N.J. Super. 130 (App. Div. 1965); In re State in Interest of L.R., 112 N.J. Super. 464 (App.Div. 1970); State v. Besson, 110 N.J. Super. 528 (Cty.Ct. 1970); State v. Kolcz, 114 N.J. Super. 408 (Cty.Ct. 1971); State v. Shack, 58 N.J. 297 (1971); State v. Karr, 119 N.J. Super. 385 (App.Div. 1972); State v. Dragon, 165 N.J. Super. 500 (App.Div. 1978). The recent case law has largely involved claims of First Amendment protection as justifications for unlawful presence. *155 Tenancy issues have not been addressed by our courts in this area.
A municipality should not be permitted to file trespass complaints as coercive measures to expedite the removal of persons claiming to be tenants. Supplementary proceedings should be commenced civilly to seek an order or judgment of possession in furtherance of the in rem tax foreclosure; See R. 4:59-2(b).
The same limitation applies equally to landlords seeking to remove unwanted tenants. The landlord may not proceed on a criminal complaint of trespassing prior to obtaining a judgment or order for possession.
The plain truth is that municipal courts are simply not geared to try cases involving title or rights to possession of real estate. The defenses available to a tenant in this State are, both by statute and court decision, many and varied. See Meiser, Tenant Landlord Law in New Jersey (1978). All of the carefully defined schemes designed to protect the tenant become emasculated if the action is brought in the municipal court under N.J.S.A. 2C:18-3. Indeed, the transcript in the Wilson case bears this out dramatically since it records that defendant repeatedly attempted to justify his presence on the property involved by referring to claims of rights under a lease, only to be summarily overruled by the trial judge precisely on the justification that jurisdiction lay in the county district court, thus placing this defendant between the proverbial rock and the hard place.
Moreover, in the Pierce case, the claim of the township arose out of a judgment in the Chancery Division (in a case where no demand for possession was ever made). It would be asking too much of any municipal judge to expect him to modify or circumscribe a Chancery Division judgment. He ought not to be asked, and if asked, he ought to decline. Yet the rights of the defendant in the municipal court might necessarily involve his doing precisely this type of thing. The township, instead of filing this complaint, should have gone into the Chancery Division on an execution or applied for a writ of assistance. In that *156 case the claim of defendants may be given a full plenary hearing by a court with the jurisdiction to fully resolve the matter.
Neither aggrieved prosecuting party is without remedy. An action for civil trespass, an eviction or summary dispossess proceeding is certainly available. To permit the use of the criminal process to effectuate what is basically a civil cause of action for relief would be unjust. It burdens the courts and places the stigma of criminal prosecution upon unfortunate tenants. The fines imposed for violation have the coercive effect of compelling a defendant to remove himself from the premises to avoid additional fines or to obtain a suspension of that which were imposed.
In conclusion, the purpose of our trespass statute is to prevent unlawful intrusion onto real property or breaches of the peace relating to realty. These cases fail to fall within that guideline.
Accordingly, the defiant trespasser statute, N.J.S.A. 2C:18-3(b) is inapplicable. The complaints are dismissed as a matter of law.