220 N.J. Super. 99 (1987)
531 A.2d 411
THE STATE OF NEW JERSEY
v.
JEFFREY SCOTT ZARIN.
Superior Court of New Jersey, Law Division (Criminal), Union County.
Decided July 8, 1987.
*100 Leonard A. Weitzman, Esq. of the firm Weitzman & Rich argued the cause for the defendant.
John J. Pisano, Esq. Assistant Prosecutor argued the cause for the state (Steven Kaflowitz, Esq. on the brief.)
*101 McKENZIE, J.S.C.
Defendant was charged with and found guilty of a violation of N.J.S.A. 2C:33-4(c).
The essence of the charge was that on September 18, 1986 he was discovered peering into the apartment of a tenant in a garden apartment complex in Scotch Plains. According to the state's witness the occupants of the apartment were watching television when they noticed a shadow at the window. They pulled up the curtain and saw a person, later identified as the defendant, peering at them through the window. When the witness ran outside to confront the individual, he ran off.
At the trial in the municipal court, the primary issue was one of identification. The court below found against the defendant and held that the offense came within the purview of 2C:33-4(c), which reads as follows:
A person commits a petty disorderly persons offense if, with purpose to harass another, he:
* * * * * * * *
(c) engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.
Prior to the effective date of the Code of Criminal Justice in 1979, the offense involved herein (generally referred to as "peeping Tom") was governed by N.J.S.A. 2A:170-31.1 which reads as follows:
Any person who trespasses on private property and surreptitiously or sneakingly invades the privacy of another by peering into the windows or other openings of dwelling places located thereon for no lawful purpose shall be adjudged a disorderly person.
This statute was repealed with the adoption of the new code. The present statute, upon which the State herein relies, requires that the offense be committed with "purpose to harass another". It would seem that almost by definition a "peeping Tom" has no purpose to harass those he wishes to observe. He does not want to alarm or annoy them; to the contrary, his purpose is to observe his "victims" and in so doing to remain undetected. Such was the case here. The individual was *102 detected inadvertently, and, after he was detected, made no effort to annoy or alarm the individuals in the apartment. He simply fled when he was discovered and challenged. There is no evidence that the defendant was guilty of harassment within the language and meaning of the statute.
Further it would appear that a "peeping Tom" is no longer subject to our criminal statutes.
N.J.S.A. 2C:1-5(a) provides:
Common law crimes are abolished and no conduct constitutes an offense unless the offense is defined by this code or another statute of this state.
N.J.S.A. 2A:170-31.1 was repealed and superseded by 2C:18-3, which is our present criminal trespass statute. It reads as follows:
A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or surreptitiously remains in any structure, or separately secured or occupied portion thereof. * * *
Clearly this statute does not apply, absent intrusion into a structure or portion thereof. Other sections of the Code, not here applicable, deal with unlawful entries onto lands of another. See N.J.S.A. 2C:18-4, et seq.
Where provisions of the pre-code criminal law are repealed and not reincorporated into the new code, a legislative intent to decriminalize that conduct is reflected. State v. Crawley, 90 N.J. 241 (1982). N.J.S.A. 2A:170-31.1 is referred to in the New Jersey Criminal Law Revision Commission Report Commentary to N.J.S.A. 2C:18-3 (Criminal Trespass), whereas no such reference is made in the commentary to N.J.S.A. 2C:33-4 (Harassment).
The common law of trespass was viewed as a private wrong, and not an indictable offense; therefore any criminal sanctions against a trespass must be statutory, State v. Pierce, 175 N.J. Super. 149 (Law Div. 1980). Penal statutes are to be strictly construed against the state and in favor of the defendant. State v. Maguire, 84 N.J. 508 (1980); State v. Taylor, 121 *103 N.J. Super. 395 (D.C. 1972); Maplewood v. Tannenhaus, 64 N.J. Super. 80 (App.Div. 1960).
Therefore it would appear that unless a "peeping Tom" is committing a criminal trespass under N.J.S.A. 2C:18-3, having entered a structure, he is not guilty of any offense under the present code.
That the legislature would so intend is not surprising. In proscribing behavior on the part of our citizens, the legislature is required to clearly define that which is prohibited, so as to give notice and provide a meaningful standard of guilt. State v. Lee, 96 N.J. 156 (1984); State v. Norflett, 67 N.J. 268 (1975); State v. Monteleone, 36 N.J. 93 (1961). Research has failed to disclose any reported cases construing the prior "peeping Tom" statute, nor any dealing with that conduct under the present code. But it is not difficult to suggest numerous circumstances where meritorious arguments could be advanced to support a vagueness challenge to a "peeping Tom" charge. If a casual glance through a neighbor's window while passing through his yard does not subject one to such a charge, does stopping for a lengthier observation render one criminally liable? If so, for how long must the stop be? Is it an offense if the observer is out in the open and readily observable himself? How significant is the proximity and size of the window or other opening through which the observation is made?
It is noteworthy that the defendant herein was originally charged under the criminal trespass statute, but the charge was amended at the time of trial to allege a violation of N.J.S.A. 2C:33-4(c). The amendment may well have been indicated by a lack of proof that the defendant at the time, in an apartment complex setting, was guilty of a trespass. However, in the opinion of this court, he was not guilty of any offense recognized by our present criminal code.
A judgment of acquittal will be entered accordingly.