ATLANTIC COUNTY CIRCUIT COURT.

IDA DORFMAN, PLAINTIFF, v. JACK RICHARD BARNETT AND MOLLY BARNETT, DEFENDANTS.

Decided July 11, 1946.

For the plaintiff, *Clarence Blitz.*

For the defendants, *Altman & Backer* (by *Chaim H. Sandler*).

BURLING, C. C. J.  Plaintiff filed a complaint in ejectment against the defendants for possession of the following described premises, to wit: All that certain unfurnished apartment, styled 1-B on the first floor of the apartment building known and designated as Vermont Apartments, situate at the northeast corner of Vermont Avenue and the Boardwalk in the City of Atlantic City, County of Atlantic and State of

New Jersey, and alleged her right to possession accrued on April 15th, 1946, and demand was made for mesne damages.

Defendants filed an answer of general denial, and thereby admitted possession of the premises. *R. S.* 2:51–14; *N. J. S. A.* 2:51–14; *Quinlan* v. *Fair Haven* (*Court of Errors and Appeals*, 1925), 102 *N. J. L.* 443; 131 *Atl. Rep.* 870.

Motion has been made by the plaintiff to strike out the answer on the ground that it is sham and for summary judgment.

The following facts stand uncontroverted:

The plaintiff acquired title to the premises in question, *inter alia*, by virtue of the following deed: Made by Bankers Bond and Mortgage Guaranty Company of America to Ida Dorfman, wife of Aaron Dorfman, dated April 2d, 1946, and recorded in the office of the clerk of Atlantic County in Book 1271 of Deeds, page 262. At the time of acquiring title by the plaintiff, there was assigned the grantor's right, title and interest in and to a certain written lease for the premises in question, dated April 11th, 1944, made by the plaintiff's grantor's agent to Emanuel Muchnick. The term of the lease began June 15th, 1944, and ended on June 14th, 1945. It was stipulated between the parties that the original lease was to be considered as an exhibit as if attached to plaintiff's supporting affidavit. The lessee held over and became a tenant from month to month. The lessee died on April 7th, 1946.

The fact of the lessee's death has created the issue in this controversy and requires the construction of the lease. Although a tenancy from month to month is not terminated by the death of the tenant and his interest passes to his administrator, *Levigton* v. *Tuly* (*Court of Chancery*, 1940), 126 *N. J. Eq.* 552; 10 *Atl. Rep.* (2d) 64, still the contract of the parties makes this rule inapplicable. In the written lease and contract of the parties, emphasis was laid upon the character of the occupancy. From the standpoint of the landlord, a meticulous evaluation of the lessee was carefully exhibited in the lease. Throughout the entire contract is evinced the intention to limit the occupancy to the lessee. This was enlarged to permissively include the tenants immediate family

with the lessee. Upon his death the right of possession of members of the immediate family fell.

This conclusion makes it unnecessary to determine the personnel within the meaning of the phrase "the tenant's immediate family." Further the defendants herein are not the personal representatives of the decedent but one of the next of kin (daughter) and her husband.

Since the right to possession of the defendants is claimed solely through the lease aforesaid, applying the construction of the lease to the undisputed facts, their defense is sham.

The motion to strike the answer will be granted, and a writ of possession may issue.

The damages are not proven and are unliquidated. The proceedings are to continue as to the demand for mesne damages and leave is granted to file answer thereto. *R. S.* 2:27–128; *N. J. S. A.* 2:27–128; *Supreme Court rule* 82; *N. J. S. A. tit.* 2; *Warren Balderston Co.* v. *Ivory* (*Court of Errors and Appeals,* 1940), 125 *N. J. L.* 469 (at *p.* 472); 16 *Atl. Rep.* (*2d*) 617.

Appropriate rule may be presented.