101 N.J. Super. 468 (1968)
244 A.2d 692
LOUIS GROSS, 2ND AND PHYLLIS GROSS, PLAINTIFFS-RESPONDENTS,
v.
BURTON PESKIN AS EXECUTOR OF THE ESTATE OF CELIA PESKIN, DECEASED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 3, 1968.
Decided June 14, 1968.
*469 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Burton Peskin argued the cause for appellant (Messrs. Peskin and O'Connell, attorneys).
Mr. Joel S. Ziegler argued the cause for respondents (Mr. Sollie Wolfman, attorney).
PER CURIAM.
Defendant-executor appeals from a judgment for rent due for the last five months of a one-year lease of an apartment executed by decedent as lessee which by its express terms was "binding on the heirs, executors, administrators and assigns of both parties."
Defendant concedes that as a general rule, in the absence of a covenant otherwise providing, a lease is not terminated by the death of the lessee and the latter's personal representative is obligated to pay not only the rent accrued at the time of decedent's death but also the rents subsequently accruing under the lease. See Baum v. Tazwell, 26 N.J. Misc. 292, 61 A.2d 12, 13 (Cir. Ct. 1948); 32 Am. Jur., Landlord and Tenant, §§ 65, 431.
Appellant contends however that in this case, as in Dorfman v. Barnett, 24 N.J. Misc. 212, 48 A.2d 217 (Cir. Ct. 1946), the general rule is inapplicable. We disagree. We are satisfied from our examination of the lease and the stipulated facts that they furnish no support for appellant's claim that the contract of lease here involved was entirely personal to the decedent so as to give rise to an implied covenant that it would terminate on her death. Cf. Brigham v. Kidder, 99 N.J.L. 79, 80 (E. & A. 1923); C.J.S. Landlord and Tenant, § 92, p. 660.
The judgment is affirmed.