HOUSING AUTHORITY OF THE CITY OF WILDWOOD, PLAIN-
TIFF-RESPONDENT, v. SHIRLEY HAYWARD, DEFENDANT-
APPELLANT, AND RICHARD DAVIS, DEFENDANT.

Argued September 10, 1979—Decided October 25, 1979.

312

*Mr. Robert P. Beakley* argued the cause for appellant (*Mr. Charles Middlesworth, Jr.,* Director, Cape-Atlantic Legal Services, attorney).

*Mr. Louis G. Rubino* argued the cause for respondent (*Messrs. Rubins* and *Waldron,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J.

This is a landlord and tenant summary dispossess proceeding which simply got out of hand. We granted certification, 79 *N.J.* 493 (1979), to review the Appellate Division's order which dismissed the tenant's appeal.

The essential facts follow. Plaintiff, Housing Authority of the City of Wildwood (Housing Authority), owns and operates the Commissioner Court Apartments in Wildwood. Defendant, Shirley Hayward, is a tenant therein occupying one of the apartments with her three children. Richard Davis had also been living in the same apartment as a co-tenant. Rent was apparently based on tenant income. When Davis lost his employment, a dispute between the tenants and the Housing Authority arose as to the amount of rent to be paid. In the interim no rent was tendered and, when agreement could not be reached, the Housing Authority commenced summary dispossess proceedings in the County District Court against Mrs. Hayward and Davis for nonpayment of rent pursuant to *N.J.S.A.* 2A:18–61.1(a). Cape-Atlantic Legal Services represented the tenants at the court hearing. The matter was settled by the tenants agreeing to pay back rent and costs, and execute all documents required by Housing Authority regulations. A consent order, dated April 28, 1978, was entered setting forth the terms of the settlement and providing that the case would be dismissed upon the tenants' compliance with its terms. The order of April 28

did not fix a time within which compliance was required, nor did it provide for the entry of a judgment for possession *ex parte* if the terms of the order were not met.

On June 15 the Housing Authority's counsel wrote to the court clerk, *ex parte*, and enclosed an affidavit which stated that the tenants had failed and neglected to comply with the terms of the settlement. He requested that a judgment for possession be entered and a warrant of removal issued. On June 16, without notice to the tenants, a judgment for possession was entered and that same day a warrant of removal issued.

On June 19 the tenants were told to vacate the apartment. The following day, while defendants were away from the apartment, the Housing Authority changed the locks on the apartment door and posted a legal notice forbidding entry. When Davis returned and found he could not reenter the apartment, he stormed into the Housing Authority office, assaulted some of the employees and caused a small riot in which a door and several windows were broken. Mrs. Hayward when she returned home, also found herself locked out. However, she did not participate in the violence which took place. Police called to the scene finally quelled the disturbance.

On June 23 the parties appeared before the District Court judge to hear the tenants' objections to the entry of the June 16 judgment for possession and the issuance of the warrant of removal. The judge conceded that the warrant issued improperly. However, he orally refused to reopen the June 16 judgment for possession and limited the hearing to consideration of the granting of a stay of any warrant of removal. Testimony was taken on the question of hardship.

At the conclusion of the hearing, the judge vacated the June 16 warrant. He issued a new warrant for the removal of Davis and refused to grant him a stay due to his violent behavior. He also issued a warrant for the removal of Mrs. Hayward and her children, but stayed execution until October 1 on the condition that she pay into court all arrearages in rent and $278 for

damages caused to Housing Authority property by 4:00 p. m. that day. The money, which totalled some $1,000, was paid into court by Mrs. Hayward prior to the 4:00 p. m. deadline. On July 18 the judge signed a written order memorializing his ruling of June 23.

Davis vacated the premises and is no longer involved in the case. However, Mrs. Hayward has remained in the apartment, has paid all the back rent and has continued to pay the current rent. Since the dispossess was brought for nonpayment of rent, her attorney consequently moved to vacate the judgment for possession and warrant of removal on September 15. The motion was heard on October 6. In the course of his ruling denying the motion, the judge commented on the disorderly conduct "by both of these people," and the damage which they caused. The judge stated that the Housing Authority could no longer tolerate such activity.

On October 10 a notice of appeal from the October 6 ruling was filed on behalf of Mrs. Hayward and a stay of the warrant entered pending resolution of the appeal. The Appellate Division, prior to hearing, dismissed the appeal (and dissolved the stay) on the ground that it had been filed out of time. As heretofore noted, this Court granted certification and also stayed the warrant of removal until final disposition of the matter.

 It is clear that the judgment for possession entered on June 16 was invalid. The court's order dated April 28 which memorialized the terms of the settlement did not fix a time within which the back rent had to be paid. Obviously a reasonable time was intended. However, the Housing Authority, although it concluded that there had been a failure to comply with the terms of the settlement, should not have applied *ex parte* for entry of a judgment for possession on that ground, and the clerk should not have entered judgment without giving the tenants an opportunity to be heard. *R.* 6:6–3(b). Even if the judgment had been entered lawfully (we hold it was not), the clerk had no

jurisdiction to issue the warrant of removal the same day the judgment was entered. *N.J.S.A.* 2A:18-57 provides that in summary dispossess proceedings "[n]o warrant of removal shall issue until the expiration of 3 days after entry of judgment for possession."

When the parties appeared before the District Court on June 23 to hear the tenants' objections to the entry of the June 16 judgment and issuance of the warrant, the judge should have vacated the judgment since it was void having been entered *ex parte* without affording the tenants an opportunity to be heard. At that time the court could have entered a judgment for possession on a finding that the tenants were in default. However, had that been done, the tenants would have had until the close of the court day to pay the rent arrearages into court and have the proceedings dismissed. *N.J.S.A.* 2A:18-55.[1] *Saveriano v. Saracco,* 97 *N.J.Super.* 43 (App.Div.1967); *cf. Azar v. Jabra,* 167 *N.J.Super.* 543 (Cty.D.Ct.1979). It is undisputed that on June 23, prior to 4:00 p. m., Mrs. Hayward did pay all of such arrearages into court.

Since the June 16 judgment was illegal and void, the tenants' motion to vacate that judgment and quash the warrant of removal, heard on October 6, should have been granted on jurisdictional grounds. Mrs. Hayward's appeal from that ruling was timely and should not have been dismissed by the Appellate Division.

---

[1] The contention that *N.J.S.A.* 2A:18-55 no longer applies to residential tenants by virtue of the 1974 amendment to the statute (L.1974, c. 49), is lacking in merit. This amendment was designed to give residential tenants greater protection in summary dispossess cases than had been afforded them under *N.J.S.A.* 2A:18-53 now made inapplicable to such tenants. Obviously the Legislature in adopting L.1974, c. 49, did not intend to take away from residential tenants the substantial right given under *N.J.S.A.* 2A:18-55, in a summary dispossess action for nonpayment of rent, to pay the rent in arrears into court and have the proceedings discontinued.

Accordingly, we set aside the dismissal, reinstate the appeal and, having considered the merits, reverse the October 6 ruling of the trial court and direct that court to vacate the judgment for possession and warrant of removal, and dismiss the complaint.

*For reversal*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For affirmance*—None.