183 N.J. Super. 326 (1982)
443 A.2d 1104
ARGERO P. EGNER, PLAINTIFF,
v.
CHARLES W. EGNER, II, AND BETTY JANE EGNER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Somerset County.
Decided January 27, 1982.
*327 Gordon C. Strauss for plaintiff (Strauss, Wills, O'Neill & Voorhees, attorneys).
George W. Fisher for defendants (Mason, Griffin & Pierson, attorneys).
DREIER, J.S.C.
The novel issue raised in this case is whether a "due on transfer" clause in a mortgage instrument is triggered by the transfer of the mortgaged property by operation of law, or, more specifically, by its devolution by devise or descent.[1] The *328 issue is presented in the context of plaintiff's claim for exoneration of the mortgage on real property in which she has inherited an interest.
In 1975 Charles F. Egner, Jr. borrowed $200,000, secured by a ten-year mortgage on a parcel of commercial real estate. The mortgage instrument contained a standard "due on transfer" clause, providing for acceleration of the entire debt at the option of the mortgagee should the property be transferred or conveyed by the mortgagor without the mortgagee's consent.
In 1978 Mr. Egner died testate, devising the encumbered property in equal one-third shares to plaintiff, his widow, and to defendants, his two children, as tenants in common. The will also named the defendants executors and directed them to pay as soon as conveniently possible "any debts due at my death."
In support of her claim for exoneration of the mortgage, plaintiff makes an original argument: Under the will, title to the property was transferred automatically upon her husband's death. Such a transfer triggers the acceleration clause of the mortgage, thereby transforming what had been a term loan into a demand obligation. The entire amount of the mortgage debt therefore came due at testator's death and under the terms of the will must be promptly paid by the executors out of the residue of the estate. Defendants, as executors and residuary beneficiaries, have moved to dismiss or, in the alternative, for partial summary judgment as to that portion of the complaint which seeks exoneration of the mortgage.
It is settled law that title to real property vests in the heir or devisee automatically and immediately upon the death of the owner. See N.J.S.A. 3A:2A-2; In re Widenmeyer Estate, 70 N.J. 458 (1976); Montclair Nat'l Bank & Trust Co. v. Seton Hall College of Medicine & Dentistry, 96 N.J. Super. 428 (App. Div. 1967); Ratti v. Ratti, 6 N.J. Super. 352 (App.Div. 1950); McTamney v. McTamney, 138 N.J. Eq. 28 (Ch. 1946). Thus a change of ownership of the property in question occurred by operation of law at the instant of Charles F. Egner's death. *329 Does such an automatic conveyance of title trigger the "due on transfer" clause of the mortgage, thereby allowing the mortgagee to elect to accelerate the full amount of the debt? This court holds that it does not.[2]
At first glance, it would appear that N.J.S.A. 3A:26-1 disposes of the matter. The statute provides:
When property subject to a mortgage or security interest descends to an heir or passes to a devisee, such heir or devisee shall not be entitled to have such mortgage or security interest discharged out of any other property of the ancestor or testator, but such property so descending or passing to him shall be primarily liable for the mortgage or secured debt, unless the will of the testator shall expressly or impliedly direct that the mortgage or security interest be otherwise paid. [Emphasis supplied]
Plaintiff, however, argues that the exception set out in the final clause of the statute applies here, since the terms of the will expressly direct the executors to pay any debts due at the testator's death.[3] But this argument presupposes that the mortgage *330 may be accelerated, and therefore comes due, when the encumbered property passes to the heirs by operation of law  a proposition which this court rejects as contrary to the general intention and usual expectations not only of mortgagors and mortgagees, but of testators and their devisees as well.[4]
The mortgage in the instant case contained the now-common "due on transfer" clause, which stated: "The entire indebtedness secured hereby shall, at the option of the mortgagee, without notice to any party, become and be due and payable immediately in the event that the premises be sold, transferred, or conveyed by mortgagor ... without the written consent of the mortgagee...." Such provisions are generally upheld as valid and legitimate terms of the mortgage contract, which "serve to protect justifiable interests of the mortgagee in maintaining his security free from impairment by a change in possession of the mortgaged property, and reducing the risk of a change in interest rates." Annotation, 69 A.L.R.3d 713, 725 (1976). See, also, Fidelity Land Develop. Corp. v. Rieder & Sons, 151 N.J. Super. 502, 508 (App.Div. 1977); Century Federal S. & L. Ass'n of Bridgeton v. Van Glahn, 144 N.J. Super. 48 (Ch.Div. 1976); Shalit v. Investors S. & L. Ass'n, 101 N.J. Super. 283 (Law Div. 1968).
The mortgage instrument, however, also contained another commonly included clause, which provided: "This mortgage shall enure to and bind the heirs, legatees, devisees, administrators, executors, successors and assigns of the parties hereto." When this provision is considered in conjunction with the "due *331 on transfer" clause, it becomes clear that acceleration of the mortgage debt was not intended to occur when the mortgaged property passes to devisee or descends to an heir. By its own terms the mortgage instrument contemplated such a devolution of the property and must therefore be construed as exempting such devolution from the scope of the "due on transfer" clause.
The distinction made here is essentially one between voluntary lifetime transfers by the mortgagor and involuntary transfers occurring by operation of law. The former are manifestly intended by the parties to the mortgage to be subject to the strictures of the "due on transfer" clause, see Fidelity Land Development, Century Fed'l S. & L. and Shalit, all supra; the latter are exempt when the mortgage instrument itself clearly contemplates passage of the property by devise or descent.[5] Further support for this proposition may be found by analogy to leasehold estates. A lease is not terminated by the death of the lessee, absent some unambiguous indication that such termination is intended. Rather, the interest of the lessee passes to his or her administrator or executor, who is obligated to continue to make rental payments. Gross v. Peskin, 101 N.J. Super. 468 (App.Div. 1968); Baum v. Tazwell, 26 N.J. Misc. 292 (1948); Dorfman v. Barnett, 24 N.J. Misc. 212 (1946). Thus the usual intent of parties to a mortgage, like that of parties to a lease, is that passage of the property by operation of law will not allow for acceleration of the mortgage, or for termination of the lease. On the contrary, the common expectation is that the person on whom the property devolves will be charged with the duty to *332 comply with the terms of the mortgage or lease by continuing to make payments as scheduled thereunder.
In addition, N.J.S.A. 3A:26-1, cited earlier in full, supplies evidence of a legislative intent that a decedent's mortgaged property passes subject to the encumbrance. An examination of the legislative history of the statute reveals that its purpose was to conform the law to the "general understanding that a person who inherits land or takes the same under a will bears the encumbrances on it, whether created by his ancestor or testator or by a previous owner." (Emphasis supplied). Statement accompanying Senate Bill 57 (1924), which bill became N.J.S.A. 3A:26-1. Thus it appears that the usual intent of parties to a mortgage  that the mortgagor's heirs or devisees will stand in the shoes of the mortgagor and take the property subject to all the terms and conditions of the mortgage instrument as if no transfer had occurred  is reinforced by a similar legislative intent.
As well as considering the intent and understanding of the parties to the mortgage with respect to the "due on transfer" clause, it is also necessary to consider the intent and expectations of the testator or intestate decedent and his devisees or heirs, with respect to the devolution of decedent's real property. When, as here, a man leaves encumbered property to his wife and children, surely he intends, and his devisees expect, that his family may continue to enjoy the property or its fruits so long as they are able to keep up the payments on the mortgage. It is most unlikely that such a testator would intend to expose his devisees to the threat of automatic acceleration of the indebtedness, thereby imposing upon them the heavy burden of immediately paying off the entire balance due on the mortgage in order to prevent the loss of the property.
In light of the foregoing, therefore, defendant's motion to dismiss that portion of the complaint which seeks exoneration of the mortgage is hereby granted.
This opinion has been filed pursuant to R. 2:5-1(b) to amplify the opinion of the court heretofore stated on the record.
NOTES
[1] This question has never been considered in New Jersey, nor does research reveal any case law in foreign jurisdictions treating the applicability of such acceleration clauses to a transfer of title by reason of death. It appears, however, that those few authorities who have considered the issue concur that an acceleration clause would not be triggered by such a transfer. See Bonanno, "Due on Sale and Prepayment Clauses," 6 Univ. of San Francisco L. Rev. 267, 272 (1972).
[2] In the case at bar the mortgagee never elected to accelerate the debt. But had it sought to exercise this option, and had it been able to show, as is apparently required under Fidelity Land Develop. Corp. v. Rieder & Sons, 151 N.J. Super. 502 (App.Div. 1977), that its security would in fact be impaired by the transfer of the property to the devisees, the holding of this court would nonetheless remain unchanged. Since passage of the property by devise or descent is insufficient to trigger its right to call the mortgage, the mortgagee would have to wait until the new owners breached one of the covenants of the mortgage before it could properly elect to accelerate.
[3] Plaintiff argues in the alternative that this statute has no application to cases involving a "due on transfer" clause, because such clauses were unusual in 1924 when the statute was first enacted, and thus were not within the contemplation of the Legislature. However, the statute was amended in 1977, when "due on transfer" clauses were the rule rather than the exception. It must be presumed that if the Legislature had been of the view that the applicability of the statute was affected by the presence of a "due on transfer" clause, that view would be reflected in the amendment of the statute.

This court does not decide whether N.J.S.A. 3A:26-1 applies when the mortgage burdening the devised property contains a "due on transfer" clause. Indeed, since the purpose of the statute was to place the burden of satisfying the mortgage debt on the heir or devisee, rather than upon the estate, as was the case at common law, it is immaterial whether or not the entire indebtedness comes due at the death of the property owner/mortgagor.
[4] Even assuming that the mortgage did come due upon testator's death, a general direction in the will that testator's debts be paid has been held not to fall within the exception to the rule stated in N.J.S.A. 3A:26-1. Norris v. Pellinger, 133 N.J. Eq. 209 (Ch. 1943). Whether the provision in Mr. Egner's will is such a general direction, or is sufficiently specific to come under the statutory exception, need not be reached here.
[5] In the instant case the property passed under the will to the very persons who would have been intestate takers, namely, the spouse and children of the decedent. If, however, a testator were to devise encumbered property out of the line of intestate succession, as to a friend or distant relative, the situation would more closely resemble a voluntary transfer, and a stronger case might therefore be made for such a devise triggering a "due on transfer" clause. But that case is not now before the court and so that issue need not be resolved in this opinion.