623 A.2d 314

HOUSING AUTHORITY OF THE CITY OF NEWARK, A BODY CORPORATE AND POLITIC, PLAINTIFF, v. OCTAVIA REID, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided February 11, 1993.

*Ronald S. Sampson* for plaintiff (*Love & Randall*, attorneys).

*Lynn A. Weisinger*, for defendant (*Stanley Marcus*, attorney).

## OPINION

CASSINI, III, J.S.C.

This is the essence of a letter opinion written on February 11, 1993.

Plaintiff, Housing Authority of the City of Newark ("Authority"), entered into a written lease agreement with defendant, Octavia Reid ("Reid"), on April 1, 1988. Pursuant to the terms of the agreement Reid was listed as a tenant and her son, Shakoor Reid ("Shakoor"), was listed as the only member of the household. In addition, the lease was for a one month term commencing April 1, 1988 and was to be automatically renewed for successive periods of equal length upon payment of the monthly rental unless properly terminated.

' On October 6, 1992, Reid died intestate, leaving her then four year old son, as her sole heir, who continued to occupy the premises after his mother's death. At the time of Reid's death, she was four months in arrears in her rent. Plaintiff filed a complaint on November 23, 1992 for non-payment of rent.

On December 11, 1992, Al Tariq Brown ("Brown") the father of Reid's son, Shakoor, was appointed Administrator Ad Prose-

quendum of the Estate of Reid and the Essex County Surrogate also entered judgment appointing Brown as guardian of his son.

Brown as Administrator Ad Prosequendum and guardian, now seeks dismissal of the complaint in that such action is barred under *N.J.S.A.* 3B:14–40; that Shakoor has a legal right to occupy the premises and in addition, Reid's heir is entitled to enjoy the benefits of a lease entered into prior to his mother's death.

■ In support of the first argument, it is asserted that this matter should have been properly brought against the administrator of the estate and only after the expiration of six (6) months from the issuance of the letters of administration. *N.J.S.A.* 3B:14–40 provides:

> To enable personal representatives to examine into the condition of the estate and to ascertain its amount and value and the debts to be paid, no action, except for funeral expenses, shall be brought or maintained against personal representatives within 6 months after letters testamentary or of administration have been granted, as the case may be, unless by special leave of the court in which the action is brought; and, if leave is given, no execution shall issue within the period of 6 months.

Since the letter of administration was granted on December 11, 1992, it is argued that the within action cannot properly be brought until June 11, 1993. It is noted by the court that there is presently no executor or administrator of the estate due to the fact that Reid died intestate and Brown was given only Letters of Administration Ad Prosequendum and guardianship of his son. He is not an administrator of the estate of Reid in the most usual sense of the word. That is, he is not a personal representative of the estate.

The court concludes that *N.J.S.A.* 3B:14–40 acts as no bar to the prosecution of this matter. The complaint of the Authority is not one that is directed at the personal representative of the Reid estate, but was rather directed at Reid herself. That is, the cause of action arose during Reid's lifetime for her failure to pay rent for a period of four months prior to her death. The relief sought by the plaintiff is not monetary in nature, but

rather is for possession of the premises. If the court were to accept the arguments of Brown, it would permit a period of at least seven months before a landlord could either collect rent or obtain possession of the premises.

The Legislature clearly did not intend such a result as set forth in *Fargo Realty, Inc. v. Harris*, 173 *N.J.Super.* 262, 414 *A.*2d 256 (App.Div.1980); or *Newark Housing Authority v. West*, 69 *N.J.* 293, 354 *A.*2d 65 (1976). Thus, the court finds *N.J.S.A.* 38:14-40 inapplicable.

■ In the alternative, counsel argues that if the court allows plaintiff to proceed with the within cause of action, plaintiff's complaint should be dismissed because Reid's heir, Shakoor, has a right to occupy the premises under the existing lease. In support of this position, counsel relies on *Egner v. Egner*, 183 *N.J.Super.* 326, 443 *A.*2d 1104 (Ch.Div.1982). The court stated:

> A lease is not terminated by the death of the lessee, absent some unambiguous indication that such termination is intended. Rather, the interest of the lessee passes to his or her administrator or executor who is obligated to continue to make rental payments. *Gross v. Peskin*, 101 *N.J.Super.* 468 [244 *A.*2d 692] (App.Div.1968); *Baum v. Tazwell*, 26 *N.J.Misc.* 292 [61 *A.*2d 12] (1948); *Dorfman v. Barnett*, 24 *N.J.Misc.* 212 [48 *A.*2d 217] (1946). Thus the usual intent of parties to a mortgage, like that of parties to a lease, is that passage of the property by operation of law will not allow for acceleration of the mortgage, or for termination of the lease. On the contrary, the common expectation is that the person on whom the property devolves will be charged with the duty to comply with the terms of the mortgage or lease by continuing to make payments as scheduled thereunder.

As asserted by counsel, a decedent's heirs may have a right to occupy the premises. However, as set down in *Egner, supra*, they are obligated to make the rental payments pursuant to the lease agreement. Failure to do so constitutes a breach of the lease and as such a landlord may proceed with a summary dispossess action.

As to the right of Shakoor to occupy the premises, Brown claims that since Reid died intestate, all of her real and personal property, including her lease with plaintiff, passes to her sole living heir as set forth in *N.J.S.A.* 3B:5-2 and *N.J.S.A.* 3B:5-3

through *N.J.S.A.* 3B:5–14. Consequently, Brown, as guardian of Shakoor, may exercise Shakoor's right to enjoy the benefits of Reid's lease. As support for this proposition, counsel contends *N.J.S.A.* 3B:12–38 is applicable.

*N.J.S.A.* 3B:12–38 states:

> The appointment of a guardian of the estate of a minor or mental incompetent *vests in him title as trustee to all property of his ward,* presently held or thereafter acquired, *including title to any property* theretofore held for the ward by attorneys in fact. (Emphasis supplied).

The court finds this argument to be without merit since the Letters of Guardianship specifically appointed Brown as "guardian of the person of Shakoor Reid" and *not* as guardian of Shakoor's property or inheritance. (emphasis added). In fact, the Judgment Appointing Guardianship specifically states: "Should the minor receive assets the guardian will apply for guardianship of the property". Thus, without literal compliance with the statute and Judgment, Brown does not obtain the status of a trustee of Shakoor's property.

Finally, addressing the argument by counsel that the court should protect Shakoor, a minor, in the same manner that the Legislature sought to protect the elderly and disabled pursuant to *N.J.S.A.* 2A:18–61.22, *et seq.*, the court concludes such analogy is totally misplaced. That particular statute relates to the displacement of the elderly and disabled by virtue of the owner's decision to convert from residential rental use to condominium, cooperative, planned residential development or separable fee simple ownership. It does not address the issue as to whether an owner may proceed with a summary dispossess action for non-payment of rent.

Accordingly, the court finds no rational basis for dismissal of the plaintiff's complaint.

However, the general rule for real property leases appears to be that death of a lessee does not of itself constitute an event which will terminate the contract. *Egner v. Egner, supra; Gross v. Peskin,* 101 *N.J.Super.* 468, 244 *A.*2d 692

(App.Div.1968); *State v. Pierce,* 175 *N.J.Super.* 149, 417 *A.*2d 1085 (Law Div.1980).

Irrespective of the fact that the court does not agree with the arguments that, as a matter of law, the complaint of the plaintiff should be dismissed, it is equally convinced that the plaintiff has failed to establish legal grounds for the exclusion of Shakoor or his guardian, Brown, from the premises other than for non-payment of rent.

Although Brown is not technically the administrator nor executor of the estate of Reid, the court finds that such circumstance is merely just that, a technicality. As stated earlier, Brown was appointed Administrator Ad Prosequendum and guardian of the person, which means that he is a trustee to bring and conduct a wrongful death action on behalf of the deceased and care for his son. It does not recognize him as a trustee of the estate nor guardian of Shakoor's property. *Barbaria v. Sayreville Tp.,* 191 *N.J.Super.* 395, 467 *A.*2d 259 (App.Div.1983); *Kasharian v. Wilentz,* 93 *N.J.Super.* 479, 226 *A.*2d 437 (App.Div.1967) *N.J.S.A.* 2A:31–2. However, it would appear to be inequitable to dispossess the son of the deceased based on this technicality when, in fact, Brown is the father of the deceased's son and can easily make application to be appointed administrator of the estate and guardian of the property of his son. If Shakoor were to be evicted, prior to such appointment, the benefits derived from technical compliance with the law would surely be nullified.

In summary, the motion to dismiss the complaint is denied. Plaintiff may proceed with the complaint for non-payment of rent, which matter the court will schedule forthwith. Naturally, if the heir of the decedent or his guardian is prepared to pay the total rent found due, plus costs, into court or to the landlord before the end of the court day on the day of trial, a dismissal of the proceedings would then be appropriate, *N.J.S.A.* 2A:18–55; *Housing Authority of the City of Wildwood v. Hayward,*

81 *N.J.* 311, 406 *A.*2d 1318 (1979). *University Court v. Mahasin,* 166 *N.J.Super.* 551, 400 *A.*2d 133 (App.Div.1979).