760 A.2d 362

HOUSING AUTHORITY & URBAN REDEVELOPMENT AGENCY OF THE CITY OF ATLANTIC CITY, PLAINTIFF–RESPONDENT, v. VANESSA TAYLOR, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 11, 2000—Decided October 26, 2000.

574

Before Judges SKILLMAN and CONLEY.

*Kenneth M. Goldman* argued the cause for appellant (*Cape–Atlantic Legal Services, Inc.*, attorneys; *Mr. Goldman*, on the brief).

*Natonya C. Phillips* argued the cause for respondent (*Zeller & Bryant*, attorneys; *Ms. Phillips*, on the brief).

The opinion of the court was delivered by,

CONLEY, J.A.D.

Defendant, a public housing tenant of plaintiff Housing Authority and Urban Redevelopment Agency of Atlantic City (Authority), appeals an August 31, 1999, order entered in the Authority's nonpayment of rent summary dispossession action. The order declares that "late fees, attorneys' fees and court costs as set forth in Defendant's lease with the [Authority] are deemed valid in this

summary dispossession action" and grants judgment of possession to the Authority as of a certain date in the event that defendant had not, by that date, made payment to the Authority of not only the back rent of $972, but also a late fee of $20 plus attorneys' fees and court cost of $144.50. Defendant had previously deposited the back rent. Although there is nothing in the rather sparse record before us to show whether she paid the additional fees and costs totalling $164.50 so as to ward off the entry of the judgment of possession and issuance of a warrant of removal, we are informed by counsel that that money was deposited with the clerk of the court. Should we affirm the trial judge, the additional $164.50 will be turned over to the Authority; should we reverse, it will be returned to defendant. In either event, defendant will remain a tenant of the Authority.

This appeal then involves the Authority's entitlement to the disputed late fees, attorneys' fees, and court costs in the context of the circumstances before us. To crystallize exactly what the issue is, several concessions by defendant must be noted. Defendant does not dispute or raise any issue as to the existence and validity of the governing lease provisions which provide for late fees, attorneys' fees, and court costs in the event of a nonpayment of rent and a summary dispossess action.[1] Neither does defendant

---

1 In this aspect, the lease provides:

(c) Late Charges—A charge of $20.00 per month for rent, or other charges paid after the 5th calendar day of the month. . . . The Authority shall provide written notice of the amount of any charge in addition to Tenant Rent, and when the charge is due. Charges in addition to rent are due no sooner than two weeks after Tenant receives the Authority's written notice of the charge.

(d) Legal Fees—In the event eviction proceedings are instituted by or on behalf of the Authority for possession of the leased premises due to the tenant's failure to pay rent, utility and maintenance fees, late fees, court costs or any other violation of this lease, the tenant agrees to pay, as additional rent, the reasonable fees charged by the attorney handling the matter, plus court costs. The attorney's fees shall include, but are not limited to, the costs of filing, serving and litigating any notice to cease, notice to quit, complaint for possession, or warrant for removal. Attor-

contend that these lease charges are prohibited by the governing federal public housing law. But it is defendant's position that payment thereof cannot, by virtue of federal law, be made a condition of the dismissal of a summary dispossess action. We disagree.

In a nonpayment of rent summary dispossess action, it is well recognized under our state law that if the tenant "before entry of final judgment, pay[s] to the clerk of the court the rent claimed to be in default, together with the accrued costs of the proceedings, all proceedings shall be stopped[,]" and the complaint dismissed. *N.J.S.A.* 2A:18–55; *Housing Auth. of City of Wildwood v. Hayward*, 81 *N.J.* 311, 316, 406 *A.2d* 1318 (1979). Even where the tenant is a public housing tenant, such accrued costs can include attorneys' fees and costs where so provided by lease. *University Court v. Mahasin*, 166 *N.J.Super.* 551, 553–54, 400 *A.2d* 133 (App.Div.1979); *Trenton Hous. Auth. v. Green*, 118 *N.J.Super.* 544, 545–46, 289 *A.2d* 264 (App.Div.), *certif. denied*, 61 *N.J.* 159, 293 *A.2d* 389 (1972). *See also Community Realty Management, Inc. v. Harris*, 155 *N.J.* 212, 233–34, 714 *A.2d* 282 (1998).

Plaintiff, as a federally funded public housing authority, is subject to the applicable federal law and regulations. As we have said, defendant does not contend that the lease provisions for late fees, attorneys' fees, and court costs are prohibited by or are inconsistent with that federal law. Indeed, the federal law recognizes that such lease provisions are permissible. *See* 24 *C.F.R.* 966.4(b)(3) ("Late payment penalties. At the option of the [public housing authority], the lease may provide for payment of penalties for late payment."); 24 *C.F.R.* 966.6(h) (prohibiting lease provisions that require the tenant to pay attorneys' fees or other legal costs arising from a legal action brought by the public housing authority even when the tenant prevails, but stating that the

---

ney's fees shall be charged to the tenant only if the Authority prevails or if it is agreed that such fees will be paid in settlement of the case.

"[p]rohibition of this type of provision does not mean that the tenant as a party to the lawsuit may not be obligated to pay attorneys' fees or other costs if he loses the suit.").

Nonetheless, it is defendant's contention that, in a nonpayment of rent dispossess action, conditioning a public housing tenant's legal right to avoid a judgment of possession upon not only payment of accrued back rent but the additional fees and costs that may have accrued by virtue of the governing lease provisions is violative of 42 *U.S.C.* § 1437a(a)(1).

That statute provides:

[A] family shall pay as rent ... the highest of the following amounts, rounded to the nearest dollar:

(A) 30 per centum of the family's monthly adjusted income;

(B) 10 per centum of the family's monthly income; or

(C) if the family is receiving payments for welfare assistance from a public agency and a part of such payments, adjusted in accordance with the family's actual housing costs, is specifically designated by such agency to meet the family's housing costs, the portion of such payments which is so designated.

[42 *U.S.C.* § 1437a(a)(1).]

As applicable to defendant's lease, "tenant rent" is defined in pertinent part as "[t]he amount payable monthly by the family as rent to the PHA or [section 8] owner, as applicable...." 24 *C.F.R.* 5.603.[2] *See also* 24 *C.F.R.* § 5.613 (defining "total tenant payment" as "the amount calculated under [42 *U.S.C.* § 1437a(a)(1) ]" and, in subsection (a)(2), exempting from "total tenant payment" for public housing tenants "charges for excess utility consumption or other miscellaneous charges....").[3]

---

[2] The definition of "tenant rent" was recently amended, 65 *Fed.Reg.* 16716 (2000). As amended, 24 *C.F.R.* § 5.603 defines "tenant rent" as "[t]he amount payable monthly by the family as rent to the unit owner (section 8 owner or PHA in public housing)...."

[3] It was agreed by the parties during oral argument that this version of 24 *C.F.R.* § 5.613 applies to defendant's lease. 24 *C.F.R.* § 5.613, however, was recently amended, 65 *Fed.Reg.* 16718 (2000), and, in part, recodified as 24 *C.F.R.* § 5.628. That section provides:

The late fees, attorneys' fees, and court cost at issue here are not defendant's "total monthly rent" governed by the federal law. They are, rather, additional costs incurred by the tenant as a result of failing to pay the rent when due and/or prior to the filing of a summary dispossess action. There is nothing in the federal law that prohibits these additional assessments where they are otherwise authorized by state law and lease provisions. More to the point, there is nothing in the federal law relied upon by defendant that addresses the precise issue here, that is whether such otherwise legally incurred fees and costs can be made a

---

(a) Determining total tenant payment (TTP). Total tenant payment is the highest of the following amounts, rounded to the nearest dollar:
   (1) 30 percent of the family's monthly adjusted income;
   (2) 10 percent of the family's monthly income;
   (3) If the family is receiving payments for welfare assistance from a public agency and a part of those payments, adjusted in accordance with the family's actual housing costs, is specifically designated by such agency to meet the family's housing costs, the portion of those payments which is so designated; or
   (4) The minimum rent, as determined in accordance with § 5.630.
(b) Determining TTP if family's welfare assistance is ratably reduced. If the family's welfare assistance is ratably reduced from the standard of need by applying a percentage, the amount calculated under paragraph (a)(3) of this section is the amount resulting from one application of the percentage. [24 C.F.R. § 5.628. See also 24 C.F.R. § 5.634(b); 24 C.F.R. § 960.253.]
24 C.F.R. § 5.628 does not contain a provision comparable to 24 C.F.R. § 5.613(a)(2). The current 24 C.F.R. § 5.613 provides:
(a) This section applies to the public housing program and the Section 8 tenant-based assistance program.
(b) The PHA must take best efforts to enter into cooperative agreements with welfare agencies under which such agencies agree:
   (1) To target public assistance, benefits and services to families receiving assistance in the public housing program and the Section 8 tenant-based assistance program to achieve self-sufficiency;
   (2) To provide written verification to the PHA concerning welfare benefits for families applying for or receiving assistance in these housing assistance programs.
As currently codified, then, 24 C.F.R. § 5.613 has no applicability to the issue before us. However, none of the recent changes in the federal law that we

condition of the tenant's payment obligations under state law so as to avoid entry of a judgment of possession.

Although dealing with a section 8 federal housing program and, therefore, different regulatory provisions, the Supreme Court's decision in *Community Realty Management, Inc. v. Harris, supra*, 155 *N.J.* 212, 714 *A*.2d 282, is instructive. In *Community Realty*, the court concluded that attorneys' fees sought by the section 8 landlord could not have been made a condition of the tenant's payment to avoid a judgment of possession. *Id.* at 236, 714 *A*.2d 282. But it so concluded because the applicable lease did not provide for such fees, not because of the governing federal law. As we read the court's decision, it recognized that there was nothing in the federal law that precludes such additional fees as part of the summary dispossess proceedings when provided for by lease. *Id.* at 233–34, 714 *A*.2d 282.[4]

We acknowledge that the precise federal statute at issue here, 42 *U.S.C.* § 1437a(a)(1), was not at issue in *Community Realty*. But there is nothing significantly different between that statute and the statute applicable to section 8 public subsidized housing owners in the context of defendant's contention. Both delineate what monthly rent can be charged by, on the one hand, the public housing authority (42 *U.S.C.* § 1437a(a)(1)), and on the other hand, the section 8 owner (42 *U.S.C.* § 1437f(c)). It is this delineation that defendant claims precludes the additional fees and costs as part of the tenant's obligation to pay to avoid judgment of possession. As we have said, we disagree with this proposition.

---

have set forth appear to affect the underlying contentions of defendant in this appeal.

4 In this respect, we note the statement in *Community Realty* that "under the federal regulations, [plaintiff] was not permitted to include late charges in the amount it demanded ... as additional rent when it sought a judgment for possession." 155 *N.J.* at 233, 714 *A*.2d 282. The regulations involved in *Community Realty* did not permit inclusion of late charges in the context of a section 8 eviction proceeding. 24 *C.F.R.* § 881. We are here concerned with a public housing authority and wholly separate regulations that do not contain a comparable prohibition.

Defendant's reliance upon *Miles v. Metropolitan Dade County*, 916 *F*.2d 1528 (11th Cir.1990), *cert. denied,* 502 *U.S.* 898, 112 *S.Ct.* 273, 116 *L.Ed.*2d 225 (1991), is misplaced. There, plaintiff was a tenant in a public housing project owned by defendant. She had received an eviction complaint that turned out to be meritless. The housing authority voluntarily dismissed the action. No costs were assessed by the court. But in plaintiff's next rent statement, she was assessed $41.50, the amount of the filing fee for the defendant's meritless complaint. When she complained, she was told that it was the housing authority's policy to assess tenants for eviction proceeding court. costs regardless of the merits or results thereof. Plaintiff brought a 42 *U.S.C.* § 1983 action seeking a declaration that this policy was violative of 42 *U.S.C.* § 1437a(a)(1) and its implementing regulations. The court concluded that court costs for an eviction action could be charged to a tenant where so entered by a court, but that such costs could not automatically be imposed by a housing authority regardless of the outcome of the action. This conclusion was premised upon 24 *C.F.R.* § 966.6(h), applicable to public housing tenants, which, as we have previously stated, prohibits, in part, lease provisions obligating a public housing tenant to pay "attorney's fees or other legal costs whenever the landlord decides to take action against the tenant even though the court determines that the tenant prevails in the action."

That is not the situation here. It is not denied that plaintiff's summary dispossess action was meritorious, that is to say, defendant owed the back rent. In this respect, 24 *C.F.R.* § 966.6(h) clearly contemplates, under these circumstances, collection of attorneys' fees and other legal costs where so permitted under state law. We reject defendant's contention that, because such additional fees are permitted under state law only if provided for by lease and designated as a form of rent obligation, this somehow conflicts with the federal law. The additional costs are not part of a public housing tenant's "monthly total rent" that is governed by that law. We are, therefore, convinced that Judge Winkelstein properly required defendant to pay the late fees, attorneys' fees,

and court costs provided for by lease, in addition to the back rent, in order to avoid entry of a judgment of possession.

Affirmed.