**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1533-19T3

GOLDEN APPLE HOLDINGS,
LLC,

    Plaintiff-Respondent,

v.

ESTATE OF CARIDAD PEREZ,

    Defendant,

and

MAGALY LYDECKER,

    Defendant/Intervenor-Appellant.

_____

Argued telephonically April 30, 2020 –
Decided June 22, 2020

Before Judges Fisher, Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law
Division, Hudson County, Docket No. LT-012202-19.

John V. Salierno argued the cause for appellant.

Alison C. Ingenito argued the cause for respondent.

PER CURIAM

This appeal presents a question of whether an occupant of an apartment is a functional tenant protected under the Anti-Eviction Act (the Act), N.J.S.A. 2A:18-61.1 to -61.12. The occupant, Magaly Lydecker, appeals from a judgment of possession and a warrant of removal entered following a bench trial during which the trial judge concluded that she was not a functional tenant. We reverse and remand for a new trial before a new judge because the trial judge made inadequate findings of fact and misapplied the governing law.

I.

We derive the facts from the record developed at a one-day bench trial held in the Law Division, Special Civil Part, on December 3, 2019. In October 2019, the landlord, Golden Apple Holdings, LLC (the Landlord), filed a summary dispossession action seeking to evict Lydecker and her adult son from an apartment in a building in West New York.

Two witnesses testified at trial. The Landlord called the project manager for the apartment building, and Lydecker testified concerning her residence in the apartment.

A certificate of registration, which was admitted into evidence, established that the Landlord purchased the building in February 2018. At that

time the apartment at issue was already occupied and the project manager explained that he became involved with the building in January 2019. The Landlord submitted a February 1999 lease, which a prior landlord had signed with Caridad Perez (the Lease). The Lease was month-to-month and it did not have a provision addressing what happen if the tenant died.

The Landlord asserted that in January 2019, Lydecker informed it that her mother, Perez, had died in June 2018. Thereafter, in January and February 2019, the Landlord sent several notices to the apartment. The notices were addressed to "The Estate of Caridad Perez and Unauthorized Occupants" and directed the occupants to cease violating the Lease and to vacate the apartment.

The Landlord took the position that because Perez was no longer living in the apartment, Lydecker and her son were unauthorized occupants of the apartment and they were violating the Lease by occupying it without Perez. In support of that position, the Landlord relied on paragraph 4 of the Lease, which states:

> USE OF PROPERTY. The Tenant may use the apartment only as a private residence and only the persons named below may reside in the Premises with Tenant: Daughter – Magaly Lydecker.
>
> No other persons will be permitted to reside in the Premises without the Landlord's written consent. Any change in the persons who are residing at the

A-1533-19T3

premises must be reported to Landlord in writing immediately. Tenant is responsible for compliance with this agreement. If any person resides at the premises who is not authorized by Landlord to reside at the Premises, Landlord may cancel this Lease, and Tenant must vacate the Premises within five . . . days of cancellation.

The Landlord contended that the phrase "reside in the [p]remises with [t]enant" meant that Lydecker and her son could only stay in the apartment with Perez, and when Perez died they became unauthorized occupants. In addition, the Landlord relied on paragraph 14 of the Lease, which states that the tenant could not sublease the apartment without the Landlord's prior written consent. The Landlord did not rely on any other provision of the Lease and did not contend that the rent for the apartment had not been paid on a timely basis.

Lydecker testified that she had lived in the apartment since before 1999. She explained that her son was born in 1995 and that they had lived in the apartment continuously since his birth. She also explained that following her mother's death in June 2018, she had paid the monthly rent for the apartment, though counsel acknowledged that rent had not been paid for one month. She went on to testify that each month from July 2018 she would send a money order to the Landlord.

A-1533-19T3

The project manager testified that the Landlord does not retain physical copies of checks or money orders. Instead, the Landlord keeps a record of payments received in a computer database and the money orders are shredded after they clear. That record, which was attached to the complaint, showed that the rent for the apartment had been paid consistently through January 2019, at which point the Landlord stopped cashing the money orders. The Landlord produced copies of two money orders sent in December 2018 and January 2019. Those copies, however, did not include a copy of the back.

During her testimony, Lydecker stated that she would sign the back of the money orders and put her name on the front of the money orders. She acknowledged that the copies produced by the Landlord did not show her name on the front of the two money orders. In addition, the project manager testified that the Landlord had filed an action for non-payment of rent against Lydecker in June 2019, but that action had been dismissed.

Based on that testimony, the trial judge found that the controlling lease was the February 1999 Lease signed by Perez. The judge then construed the Lease to require Lydecker to vacate the apartment because Perez died. With very little analysis, the judge concluded that Lydecker was not a functional tenant. In that regard, the judge reasoned that there was no proof that the

Landlord consciously accepted rent payments from Lydecker after Perez had passed away.

On the record, the judge stated that she was granting a judgment of possession to the Landlord. No judgment, however, was included in the record submitted to us. Instead, the record only includes a warrant of removal ordering Lydecker and her son to vacate the apartment by December 16, 2019. After Lydecker appealed, we granted a stay of the judgment of possession and warrant pending this appeal.

## II.

On appeal, Lydecker makes five arguments. She contends: (1) the trial court erred in admitting the Lease as a business record; (2) the trial court erred by not joining Lydecker and her son as indispensable parties; (3) the notices to cease and quit were defective; (4) the Landlord waived its right to evict Lydecker by dismissing the action that was filed in June 2019 for non-payment of rent and demanding rent in the October 2019 action; and (5) the trial court erred in its analysis of whether Lydecker is a functional tenant.

Having reviewed the record, we conclude that the trial court's analysis of the functional tenant issue was inadequate and we remand for a new trial.

A-1533-19T3

Accordingly, we need not reach the other issues because they can be addressed at the new trial.

Under the common law, when a tenant died, the tenancy passed to his or her estate. Maglies v. Estate of Guy, 193 N.J. 108, 120 (2007) (citing Gross v. Peskin, 101 N.J. Super. 468, 469 (App. Div. 1968)). If the lease was a month-to-month tenancy, as the Lease in this case, "then the landlord could terminate the lease by giving one month's notice to the estate's legal representatives." Ibid. (citing Ctr. Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 350 (App. Div. 1993)).

The law substantially changed, however, when the Legislature passed the Act. Ibid. (citation omitted). The Act provides that a tenant cannot be removed except when the landlord establishes one of eighteen enumerated grounds for a good cause eviction. Id. at 121 (quoting N.J.S.A. 2A:18-61.1). The grounds for eviction include material breaches of the lease. N.J.S.A. 2A:18-61.1(d) to (e)(1). "When a person is protected by the Act, 'the effective term of the lease is for as long as the tenant wishes to remain, provided he pays the rent . . . and provided there is no other statutory cause for eviction under [the Act].'" Maglies, 193 N.J. at 121 (alterations in original) (quoting Ctr. Ave. Realty, 264 N.J. Super. at 350).

Our Supreme Court has stated that the Act "was designed to protect residential tenants against unfair and arbitrary evictions by limiting the bases for their removal." 447 Assocs. v. Miranda, 115 N.J. 522, 528 (1989) (citations omitted). The Court has also repeatedly stated that the Act is "remedial legislation deserving of liberal construction." Maglies, 193 N.J. at 123 (quoting 447 Assocs., 115 N.J. at 529).

Consistent with the design and liberal construction of the Act, the Court has recognized that an occupant can become a functional tenant who is also protected by the Act. Id. at 125-26. To be recognized as a functional tenant, an occupant must establish three facts: (1) he or she has continuously resided at the premises; (2) he or she "has been a substantial contributor towards satisfaction of the tenancy's financial obligations"; and (3) his or her "contribution has been acknowledged and acquiesced to by" the landlord. Id. at 126.

Generally, a challenge to a judgment of possession is reviewed on appeal for abuse of discretion. Cmty. Realty Mgmt. v. Harris, 155 N.J. 212, 236 (1998) (citations omitted). Moreover, factual findings made by a judge in a bench trial will usually not be disturbed if they are supported by substantial credible evidence. Slutsky v. Slutsky, 451 N.J. Super. 332, 343-44 (App. Div. 2017)

A-1533-19T3

(quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)).  Nevertheless, when fact findings are not supported by substantial credible evidence we will intervene. Id. at 369 (citing Beck v. Beck, 86 N.J. 480, 496 (1981)).

Here, the trial judge failed to adequately analyze the evidence concerning whether Lydecker was a functional tenant.  Lydecker's unrebutted testimony established that she continuously resided in the apartment since the 1990's. Indeed, before us the Landlord conceded that fact.

Lydecker also testified that following the death of her mother, she paid the rent for the apartment.  The Landlord contended that it did not know that Lydecker was the person paying the rent and, therefore, did not acquiesce to her financial contributions.  The record at trial, however, does not support that position.  The only witness who testified on behalf of the Landlord was a project manager who became involved with the building in January 2019.  Accordingly, that project manager had no firsthand knowledge as to what other representatives of the Landlord knew concerning Lydecker's payments.

The Landlord also produced front copies of two money orders, sent in December 2018 and January 2019, to support the position that it did not know Lydecker was making the payments.  Those documents, however, were incomplete because the backs of the money orders were not displayed.

In short, there was insufficient analysis by the trial judge of the testimony presented to fairly evaluate whether Lydecker could establish that she was a functional tenant. The trial judge failed to adequately address the evidence that had been presented and the judge's finding that Lydecker was not a functional tenant is not supported by substantial credible evidence in the record. Accordingly, we vacate the judgment of possession and the warrant of removal and remand for a new trial. Because the judge who tried the case has already made findings that are not supported by the record, we direct that on remand the matter is to be tried before a new judge.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1533-19T3